BONDY et al. v. COLLIER.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

ARREST IN CIVIL CASES—DEFECTIVE UNDERTAKING.
    Upon adjudging an order of arrest invalid because of a defective undertaking, the court has no power to refuse to vacate the arrest, on the condition that a new and sufficient undertaking be given. 32 N. Y. Supp. 221, reversed.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Simon M. Bondy and another against Abraham Collier. From an order of the city court (32 N. Y. Supp. 221) affirming an order denying a motion to vacate an order of arrest, defendant Collier appeals. Reversed.

The order affirmed by the general term of the city court was as follows:

"The motion to vacate the order of arrest granted by me on October 9, 1894, against the defendant Abraham Collier, on the papers upon which the same

was granted, and upon a notice of motion hereto annexed, proof of service, a copy of which is also hereto annexed, having been made before me this day on all the grounds specified in said notice of motion; and after hearing Edward Kaufmann, Esq., of counsel for said defendant Abraham Collier, for the purposes of this motion only, and Alexander Blumenstiel, Esq., of counsel for plaintiffs, in opposition thereto, it is ordered that the said motion be granted, unless plaintiffs execute, serve, and file a proper and sufficient undertaking, as provided by the Code, within five days from entry and service of a copy of this order, in which case, motion denied."

The defect in the original undertaking was that in the accompanying affidavit it did not appear that the sureties were residents or freeholders or householders within the state, as required by section 812 of the Code of Civil Procedure.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Edward Kaufmann, for appellant.

Blumenstiel & Hirsch, for respondents.

PRYOR, J. The motion to vacate the order of arrest proceeded upon the grounds of insufficiency in the affidavit, and defects in the undertaking. Since the affidavit exhibits some evidence of the facts requisite to the arrest, the affirmance of its sufficiency by the court below is conclusive with us. Wright v. Brown, 67 N. Y. 1; Liddell v. Paton, 67 N. Y. 393. Similarly, as the court below has adjudged the order of arrest invalid for defects in the undertaking, we are precluded, on an appeal by the defendant only, from gainsaying those defects, or the invalidity of that order. But though the order was invalid, for the defects in the undertaking, the court nevertheless declined to vacate it, on the condition that "within five days the plaintiffs execute, serve, and file a proper and sufficient undertaking." The contention of the appellant is that the court had no power to allow a substituted undertaking, but, instead, should have absolutely set aside the order of arrest; and we are of that opinion. Here, be it observed, is not an amendment of the undertaking upon which the order of arrest issued, but the allowance of a new and independent undertaking, to uphold an arrest already accomplished. Where is the authority for the exercise of such jurisdiction, either in the statute or the adjudications? Certainly, the respondents cite none to the point, for the provisions of the Code and the decisions they adduce go only to justify an amendment of an existing undertaking. An amendment operates nunc pro tunc, and validates and sustains the thing amended, while the new undertaking, replacing the old, has its inception at the moment of its execution, and is incapable of supporting an arrest already in effect. By the adjudication of the court below, the undertaking on which the order of arrest depends was fatally defective,—insufficient to uphold the order; and yet the arrest is suffered to stand, on the condition of another and new undertaking. The defendant may be held for five days upon the invalid order, and then the new undertaking is to reach back, and rehabilitate that invalid order. This will never do. The liberty of the citizen is not the sport of judicial discretion. The defendant could be arrested only upon lawful process, and he is not to be detained upon

the contingency that the illegal order on which he was taken may be made good by subsequent compliance with an indispensable condition precedent. Orders of general and special term reversed, and order of arrest vacated, with costs to appellant in both courts. All concur.