(18 Misc. Rep. 428.)

GALLIGAN et al. v. GROTEN.

(Supreme Court, Appellate Term, First Department. November 25, 1896.)

**1. ATTACHMENT—WARRANT—STATEMENT OF GROUNDS.**
    A warrant stating that "defendant avoids the service of a summons" is not
    sufficient, under Code Civ. Proc. § 3169, subd. 4, authorizing an attachment
    where defendant has departed from the state, or keeps himself concealed
    therein, with intent to avoid service of summons.

**2. SAME—INTENT TO DISPOSE OF PROPERTY.**
    Evidence that repeated efforts to serve defendant with summons have failed,
    that he is heavily in debt, and is endeavoring to borrow money with which
    to speculate, does not authorize an attachment, on the ground that he "is
    about to assign, dispose of, or secrete property," with the intent to hinder,
    delay, and defraud creditors. Code Civ. Proc. § 3169, subd. 5.

Appeal from city court of New York, general term.

Action by James J. Galligan and others against Rodger C. Groten.
From an order of the city court (38 N. Y. Supp. 1144) affirming an
order vacating an attachment, plaintiffs appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Thomas E. Murray, for appellants.
Rabe & Keller, for respondent.

DALY, P. J. The attachment was vacated by the special term
of the city court, on the papers upon which it was granted; and the
question before us is whether the case presented by those papers
called for the exercise of the discretion of the city court in refusing
the provisional remedy. If the justice to whom the application for
the warrant was originally made might have refused it, the court
may set it aside after it has been granted; and we, as an appellate
tribunal, cannot interfere with the decision of the city court upon
any question of fact or inference of fact involved in that decision.
Bondy v. Collier, 13 Misc. Rep. 15, 33 N. Y. Supp. 996. The warrant
of attachment must briefly recite the grounds upon which it was
issued. Code, § 641. In this case it specifies that "the defendant
avoids service of a summons, and is about to assign, dispose of, or
secrete his property, with the intent to hinder, delay, and defraud
his creditors, and that the defendant is insolvent, and unable to pay
his debts."

The first ground, that the defendant avoids the service of a sum-
mons, is apparently an incomplete attempt to set forth one of the
statutory grounds of attachment, namely, that the defendant has
departed from the state, with intent to defraud his creditors, or
to avoid the service of a summons, or keeps himself concealed there-
in, with the like intent. Code, § 3169, subd. 4. It is an insufficient
statement, because it does not set forth whether the defendant has
departed from the state, or conceals himself, with intent to avoid
the service of a summons. The mere statement that he avoids the
service of a summons is not a charge either that he has departed
from the state or concealed himself; and those are the important
facts. The warrant, therefore, failed to specify a ground of at-
tachment under that provision of the Code.

The next ground stated in the warrant is sufficiently set forth, namely, that "the defendant is about to assign, dispose of, or secrete his property, with the intent to hinder, delay, and defraud his creditors"; but the facts stated as the evidence of such design are insufficient to sustain the charge. The evidence is briefly this: That repeated attempts were made to find the defendant at his place of business, at his residence, and elsewhere, in order to serve him with the summons; that the information received was that he was irregular in his habits, and it could not be said when he would be in, or where he would be found; that at one time he denied himself when he was at home, as there was reason to believe; that on June 1, 1895, the plaintiff lent him $1,000 in cash, and took the note of a third party, indorsed by him as security, and, when the note became due, surrendered it at his request, and took his own note in place thereof, upon which this action is brought; that he is engaged in the grocery business, with several stores, and is indebted for large sums of money to various persons, for goods sold and advances made, to enable him to conduct his business; that he has been speculating in the "wheat" market, and has lost large sums of money, and is insolvent and unable to pay his debts, and has made application to many persons and institutions for loans of large sums of money, and has offered as collateral the stock and fixtures in a store at 930 Sixth avenue; that he has endeavored to secure a person to purchase said business, but has been unable to do so; that the loans he applied for were not intended to pay his creditors, but to enable him to continue his dealings in wheat; that, in many conversations with one of the plaintiffs, he never informed him that he was seeking loans on his stock and fixtures, or that he intended to pay the plaintiffs' debt. All the above matters are stated in the affidavit of one of the plaintiffs (and apparently stated upon his own knowledge, although some of them must be matters of opinion, and others made on information merely), and all of the statements, taken together, fail to show that the defendant, although evidently in straits for money, and endeavoring to raise it, intends to assign, dispose of, or secrete his property, with intent to hinder, delay, and defraud his creditors. Code, § 3169, subd. 5. The fact that he has endeavored to raise money upon his property with which to speculate is no proof of such fact. If it were, a new ground of attachment not provided for in the Code would be established by judicial decision.

The order appealed from must be affirmed. All concur.