DAVIDSON et al. v. RHEIN.

(Supreme Court, Appellate Term.  May 9, 1912.)

1. ARREST (§ 34*)—ORDER OF ARREST IN CIVIL ACTIONS—UNDERTAKING—REQUISITES.

An undertaking for an order of arrest, under Municipal Court Act (Laws 1902, c. 580) § 57, providing that, before an order of arrest shall issue, plaintiff must execute and deliver a written undertaking, approved by the court, with approval indorsed thereon, is fatally defective, when not executed by plaintiffs, or either of them, and not approved by the court.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 83; Dec. Dig. § 34.*]

2. ARREST (§ 34*)—ORDER OF ARREST IN CIVIL ACTIONS—UNDERTAKING—REQUISITES.

A defect in an undertaking for an order of arrest, arising from the fact that it was not executed by plaintiffs, or either of them, and not approved by the court, and approval indorsed thereon, as required by Municipal Court Act (Laws 1902, c. 580) § 57, cannot be cured by substituting another undertaking after the granting of the order.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 83; Dec. Dig. § 34.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by James F. Davidson and another, doing business under the firm name and style of Davidson & Weil, against John Rhein. From an order denying a motion to vacate an order of arrest granted by the Municipal Court of the City of New York, defendant appeals. Reversed.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

S. John Block, of New York City (William Solomon, of New York City, of counsel), for appellant.

Hilly & Geoghan and Arthur J. W. Hilly, all of New York City, for respondents.

GUY, J. An order of arrest was granted herein on the 13th day of February, 1912, under which order defendant was arrested and incarcerated in Ludlow Street Jail until the morning of February 14th, when he was produced before the justice who granted the warrant. The defendant then moved to vacate the order, upon the ground that the papers upon which it was issued were defective and insufficient. No determination was then made of the motion, but defendant's bail was reduced from $500 to $250, and he was kept in custody until the afternoon of February 14th, when he was released on giving bail. On February 20th a motion was again made to vacate the order of arrest and release the bail furnished by defendant, and from the order denying this motion the appeal herein is taken.

The defendant appellant contends that the undertaking furnished by the plaintiffs, upon which the order of arrest was granted, does not comply with the requirements of section 57 of the Municipal Court Act, which provides that:

"Before an order of arrest shall issue, the plaintiff must execute and deliver to the clerk of the court in the district in which the action is brought, a written undertaking approved by the court, with such approval indorsed thereon," etc.

It appears that on February 20, 1912, when the motion to vacate the order of arrest was made, the respondents were permitted, over the objection of the appellant, to file an amended undertaking, which respondents claim complied with the requirements of the Code, but which defendant insists is also defective. There are various other grounds presented on this appeal, involving the insufficiency of the other papers upon which the order of arrest was granted; but it is not necessary to consider them.

[1, 2] It is evident that the undertaking upon which the order of arrest was granted was fatally defective, in that it was not executed by the plaintiffs, or either of them, and was not approved by the court, and such approval indorsed thereon, as required by the statute. The substituting of another undertaking, after the granting of the order, cannot cure this defect in the original papers upon which the order was granted.

The order must therefore be reversed, and the motion to vacate granted, with costs to the appellant. All concur.