Frank Miner, Plaintiff, *v.* Benjamin Margolis, Defendant.

(Supreme Court, Columbia Special Term, November, 1916.)

Undertaking — giving of an — when order granting warrant will be vacated in absence of such an undertaking — Code Civ. Pro. § 559.

The giving of an undertaking as required by section 559 of the Code of Civil Procedure relating to actions for personal injury is a condition precedent to a valid order of arrest in a civil action for assault, and an order granted in the absence of such an undertaking will be vacated.

Motion to set aside an order of arrest in a civil action.

John V. Whitbeck, Jr., for plaintiff.

Collier, Browning & Moy, for defendant.

Chester, J. The complaint sets forth a cause of action for damages for an alleged assault. A warrant of arrest has been issued against the defendant pursuant to subdivision 2 of section 549 of the Code of Civil Procedure, the action being one for damages for personal injury. The defendant moves to vacate the order on several grounds, only one of which need be noticed, viz., the failure to give a legal and sufficient undertaking as required by section 559 of said Code. That section requires in a case of this kind that the judge to whom the application for the warrant is made "before he grants the order, *must* require a written undertaking on the part of the plaintiff, with two sufficient sureties" conditioned as provided in that section. The plaintiff in this case submitted to the judge

an undertaking with only *one* surety. The plaintiff concedes that this is not a legal or valid undertaking under the section but insists that under the liberal power of amendment contained in sections 729 and 730 of the Code of Civil Procedure the bond may be amended *nunc pro tunc* and thus leave the order of arrest effectual. I am of the opinion that what the defendant is seeking is not an amendment of the bond but the privilege of giving a new bond or undertaking and, therefore, that the Code provisions with respect to amendments do not apply.

The motion must, therefore, be determined by considering the question as to whether a new undertaking may properly be given to support this warrant of arrest. There is some conflict in the authorities on that question. It was held in *Bondy* v. *Collier,* 13 Misc. Rep. 15, which was a case in the General Term of the New York Common Pleas, that the court had no power to refuse to vacate an order of arrest on condition that a new and valid undertaking be given in place of a defective undertaking. This case is an authority for the proposition that an undertaking in compliance with the Code provisions is a condition precedent to a valid order of arrest in an alleged case of assault.

This appears to be in harmony with the provision contained in section 559 of the Code of Civil Procedure referred to, which in effect prohibits a judge from granting an order of arrest in a case of this kind without first requiring a written undertaking with two sureties.

*Davidson* v. *Rhein,* 134 N. Y. Supp. 1091, is an authority to the same effect.

Many of the cases cited in support of a different rule arose under statutory enactments different from the above mentioned Code provision and need not be

referred to. It appears clear that the judge to whom this application for the warrant was made had no power to grant it in the absence of a legal undertaking, and for that reason the order should be vacated, with ten dollars costs to abide the event.

Ordered accordingly.