MILTON F. ADAMS, RESPONDENT, *v.* THE LAMSON CON-
SOLIDATED STORE-SERVICE COMPANY, APPELLANT.

*Allegation in a complaint that the defendant is a corporation, constitutes no part
of the cause of action — its absence is not a ground of demurrer.*

An allegation in a complaint that the defendant is a corporation constitutes
no part of the cause of action, but simply relates to the character or capacity
of the defendant, and, therefore, a complaint, which does not allege that the
defendant is a corporation, although such might be inferred to be the fact from
its name, is not demurrable on the ground that it does not state facts consti-
tuting a cause of action.

APPEAL by the defendant from an interlocutory judgment of the
Supreme Court, entered in the office of the clerk of the county of
Albany on the 20th day of June, 1890, pursuant to an order of said
court, made and entered in said clerk's office on the 14th day of
June, 1890, overruling a demurrer interposed by the defendant to
the plaintiff's complaint, with leave to the defendant, within twenty
days of the service of a copy of the interlocutory judgment and
upon payment of costs, to answer the plaintiff's complaint.

*George F. Canfield,* for the appellant.

*Norton Chase,* for the respondent.

LEARNED, P. J.:

This is an appeal from an interlocutory judgment overruling a
demurrer to plaintiff's complaint. The action is brought to recover
damages for false imprisonment of the plaintiff caused by defendant
in the State of Massachusetts. The complaint contains no distinct
averment that the defendant is a corporation, nor does it contain any
averment as to plaintiff's present residence.

The grounds of demurrer are stated to be, first, that the complaint
does not state facts sufficient to constitute a cause of action; second,
that it does not state facts sufficient to show that the court has
jurisdiction of the defendant or of the subject of the action.

The demurrer is based on section 1775 of the Code, which states
what must be averred in the complaint in an action by or against a
corporation. But the difficulty is that the defendant requires us to
assume that it is a corporation. Now, although we may naturally

suppose from the name of the defendant that it probably is a cor-poration, still there is no allegation to that effect in the complaint. The defendant may be a partnership or a joint-stock association. True, if that were the case the plaintiff's action might have been improperly brought. But that is not the question here. All we have to decide is whether the complaint is demurrable.

In *Fox* v. *The Erie Preserving Company* (93 N. Y., 54), an action had been commenced in Justice's Court, and in the complaint in that court there was no allegation that defendant was a corpora-tion. The cause was removed to the Supreme Court after plea of title. And in the complaint in that court an allegation was inserted that defendant was a corporation. A motion was made to strike this allegation out under section 2957. The Court of Appeals held it ought not to be stricken out, saying : " The allegation that the defendant is a corporation is no part of the cause of action, but simply relates to the character or capacity of the defendant " If this be correct, the demurrer could not be sustained in this present case on the ground that the complaint does not state facts sufficient to constitute a cause of action. For if the allegation that the defend-ant is a corporation is no part of the cause of action, then the absence of that allegation cannot be ground of a demurrer for insufficiency. In harmony with this is a dictum in *American Baptist Home Mission Society, et al.* v. *Foote* (52 Hun, 307), and the decision in *Irving National Bank* v. *Corbett* (10 Abb. N. C., 85). In *Hafner & Schoen Furniture Company* v. *Grumme* (10 Civ. Pro., 176), the complaint alleged that plaintiff was a corporation, but did not allege whether it was foreign or domestic. The court held the complaint good on demurrer ; referring to the rule as being the same under the former Code. (*Phœnix Bank* v. *Donnell*, 40 N. Y., 410 ; see, also, *Rothchild et al.* v. *Grand Trunk Railway Company of Canada*, 30 N. Y. St. Rep., 642 ; 10 N. Y. Supp., 36.)

We have not overlooked the decisions cited by the defendant holding a different rule. It is not necessary to cite or comment on them. As to the point of the demurrer, that the court has not jurisdiction of the subject, or of the person of the defendant, we do not see that this appears by the complaint. Facts may, perhaps, appear on the trial which will show a want of jurisdiction. We understand that the defendant relies on section 1780 of the Code.

It may be, also, that the defendant under section 546 may require the complaint to state the corporate existence of defendant (if defendant be a corporation), more fully. We have, however, only to pass on the question of the demurrer.

The judgment must be affirmed, with costs, with leave to defendant, in twenty days after notice of judgment on payment of costs below and of this court, to withdraw demurrer and answer over.

LANDON and MAYHAM, JJ., concurred.

Judgment affirmed, with costs, with leave to defendant, in twenty days after notice of judgment, on payment of costs below and of this court, to withdraw demurrer and to answer over.