The United States Vinegar Company, Respondent, *v.* John Schlegel, Appellant.

Where evidence tending to prove a material fact at issue in an action, but which requires proof of other facts to complete the chain of proof, is received under objection, and such other facts are not proved, the presence of the evidence in the record is no ground for reversal in the absence of a motion to strike it out.

The fact that promoters engaged in organizing a corporation in another state deceived the authorities of that state as to their real purpose in forming the corporation, and so procured them to file the necessary papers and take the necessary steps to give the organization a corporate existence, is no defense to an action brought by the corporation in this state upon an indebtedness to the corporation.

So long as the corporation exists and is recognized by the state of its origin it is entitled to the same recognition here, unless it appears that it was formed for purposes illegal here, or was doing acts prohibited by the laws of this state to its own citizens and corporations.

A party who has entered into a contract with another, in which the latter assumes to be and contracts as a corporation, is estopped from denying the corporate existence.

In an action brought by a corporation of another state to recover upon a subscription to its capital stock one defense was that plaintiff was incorporated for an illegal purpose. There was no proof of any corporate act pointing to any illegal purpose or object. The proof on that point was a printed prospectus issued by certain promoters of the company, a blank form of contract to be used, and numerous acts and declarations by them before the corporation was created. It did not appear that these were ever adopted or acted upon by the corporation. *Held*, that the defense was not sustained; that such documents, acts and declarations could not be used to defeat contracts made with or obligations incurred by an individual to the corporation; and so, it was immaterial whether they furnished evidence of any illegal purpose by any one.

Reported below, 67 Hun, 356.

(Argued October 18, 1894; decided November 27, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 17, 1893, which overruled defendant's exceptions and ordered judgment in favor of plaintiff on verdict directed by the court.

This action was brought by plaintiff, a corporation organized under the laws of Illinois, to recover an unpaid subscription to its stock by defendant, who is a resident of this state, and was one of plaintiff's incorporators and original subscribers to its capital stock.

The facts, so far as material, are stated in the opinion.

*Benno Lowey* for appellant.    The contract sued upon must be construed and its validity determined according to the rules of the common law, and irrespective of the statutes of Illinois or of New York governing stock subscriptions or corporations.    If the subscription was for the purpose of forming a corporation for an illegal purpose it is void, and the courts will consider the real purposes of the corporation, irrespective of its nominal objects as disclosed by the certificate of incorporation.    (*McGrew* v. *C. P. Exchange*, 85 Tenn. 574; *Montgomery* v. *Forbes*, 148 Mass. 249; *Hill* v. *Beach*, 12 N. J. Eq. 31; *J. C. G. Co.* v. *Dwight*, 29 id. 242; *O. R. Co.* v. *O. R. Co.*, 130 U. S. 1; *S. L. C. Soc.* v. *Hennessy*, 11 Mo. App. 555.)    The evident object of the formation of the plaintiff was to create a monopoly, to control and limit the production of an article of necessity and to enhance its price.    The plaintiff was, therefore, not formed for a legal or lawful purpose.    (*People* v. *Sheldon*, 139 N. Y. 251; *M. R. C. Co.* v. *B. C. Co.*, 68 Penn. St. 173; *Hooker* v. *Vandewater*, 4 Den. 349; *Leonard₃* v. *Poole*, 114 N. Y. 371; *Richardson* v. *Buhl*, 77 Mich. 632; *Craft* v. *McCononghy*, 79 Ill. 346.)    If the real purposes and objects of the formation of plaintiff were illegal, or against public policy, it never was legally a corporation, and all acts purporting to create it such were null, void, and of no effect.    (*People ex rel.* v. *C. G. Co.*, 130 Ill. 168; *S. C. V. M. & L. Co.* v. *Hays*, 76 Cal. 387; *P. F. Co.*

v. *Adler*, 90 id. 110; *Chapin* v. *Brown*, 83 Iowa, 156; *Emery* v. *O. C. Co.*, 47 Ohio St. 320; *M. R. C. Co.* v. *B. C. Co.*, 68 Penn. St. 173; *People* v. *Sheldon*, 139 N. Y. 251; *Leonard* v. *Poole*, 114 id. 371; *People* v. *N. R. S. R. Co.*, 22 Abb. [N. C.] 199; *Stanton* v. *Allen*, 5 Den. 443.) The fact that this company commenced and did business for some little time does not affect the question. If the purpose of the corporation were illegal, mere continuance of corporate existence and acts done by the corporation does not make this purpose legal, nor will the court for such reason enforce the illegal contracts. (*O. R. Co.* v. *O. R. Co.*, 130 U. S. 1; *Thomas* v. *R. R. Co.*, 101 id. 71.) There was no proof in the case of the incorporation of the plaintiff. There is no presumption that the statutes of New York have been enacted in a sister state. In the absence of proof as to the law of a sister state, the courts of this state will presume that the common law of England was in force. (*Waldron* v. *Ritchings*, 3 Daly, 288; *Abell* v. *Douglas*, 4 Den. 305; *Throop* v. *Hatch*, 3 Abb. Pr. 23; *Davis* v. *Garr*, 6 N. Y. 124; *Merrill* v. *Tice*, 104 U. S. 557; *Parr* v. *Greenbush*, 72 N. Y. 461.) If, after one has signed a contract of subscription to stock to a proposed corporation, the objects for which the company is formed are changed, he is not bound by his subscription, because the company formed is not the company he subscribed to. (*Dorris* v. *Sweeney*, 60 N. Y. 463.) There is no proof that the subscription was ever assigned to the plaintiff as alleged, nor that any calls were ever made for the ninety per cent balance upon the defendant's subscription as provided by the prospectus. (*Banet* v. *A. & S. R. R. Co.*, 13 Ill. 504; *L. Ins. Co.* v. *Moore*, 84 id. 577.) Unless, in every possible aspect of the case, the defendant could not recover, the court was bound to submit the case to the jury. (*Massoth* v. *D. & H. C. Co.*, 64 N. Y. 524; *Maher* v. *C. P., N. & E. R. R. R. Co.*, 67 id. 54; *Hays* v. *Miller*, 70 id. 112; *Dolan* v. *D. & H. C. Co.*, 71 id. 285; *Hart* v. *H. R. B. Co.*, 80 id. 622; *Payne* v. *D. & B. R. R. Co.*, 83 id. 572; *Cosgrove* v. *N. Y. C. & H. R. R. R. Co.*, 87 id. 88; *Schneider*

v. *N. Y. C. & H. R. R. R. Co.*, 90 id. 558; *Cohen* v. *Plonsky*, 60 Hun, 103.)

*S. R. Ten Eyck* for respondent. The due incorporation of the plaintiff is clearly shown by the certificate of the secretary of the state of Illinois, under whom it was created. (2 Waterman on Corp. § 201; Morawitz on Corp. § 750; *Dutchess* v. *Davis*, 14 Johns. 238; *S. B. R. R. Co.* v. *Hamlin*, 24 Hun, 394; *C. Bank* v. *Pleiffer*, 22 id. 334; 108 N. Y. 242–252; *Eaton* v. *Aspinwall*, 19 id. 199; *B. & A. R. R. Co.* v. *Cary*, 26 id. 75; *Whitford* v. *Laidler*, 94 id. 151; *Vedder* v. *Mudgett*, 95 id. 310; *Craven* v. *E. M. Co.*, 21 N. E. Rep. 984; *Vulcan* v. *Myers*, 58 Hun, 161.) An agreement to take shares in a corporation about to be formed is valid, and may be enforced by the company after its incorporation without any allotment of its stock, and without any previous demand for payment of the subscription. (*B. & N. Y. R. R. Co.* v. *Dudley*, 14 N. Y. 336; *P. W. Co.* v. *Badger*, 67 id. 294; *B. & J. R. R. Co.* v. *Gifford*, 87 id. 294; *L. O. R. R. Co.* v. *Mason*, 16 id. 451.) The defendant's subscription is absolute in its terms, and cannot be varied or contradicted by parol evidence. (*P. W. Co.* v. *Badger*, 6 Hun, 293; *B. R. R. Co.* v. *Dudley*, 4 Kern. 336.) The plaintiff was organized for a legal purpose, and that purpose cannot be changed into an illegal one by any acts or declarations of its promoters. (*Munson* v. *S. G. & C. R. R. Co.*, 103 N. Y. 58.) Assuming that the court has a right to go behind the charter of the plaintiff, and consider all the evidence in the case for the purpose of determining the real objects of the plaintiff's formation, still we claim that nothing of an illegal nature is shown. (*People* v. *N. R. S. R. Co.*, 54 Hun, 370; *Richardson* v. *Buhle*, 77 Mich. 632; *Hopkins* v. *Ensign*, 122 N. Y. 144.) As against the creditors of the plaintiff, the defendant is estopped from asserting that it was formed for an illegal purpose. (*P. C. Co.* v. *McMillin*, 119 N. Y. 46; *P. W. Co.* v. *Badger*, 67 id. 294.)

O'Brien, J.   The trial court directed a verdict for the plaintiff for the amount which the defendant had duly subscribed as a shareholder of the plaintiff's capital stock, to recover which the action was brought.   There is no dispute about the fact that the defendant did subscribe in writing for twenty shares of the capital stock, for which he agreed to pay $2,000.   The plaintiff, before this action was commenced, had incurred debts and become insolvent, and subsequently went into the hands of a receiver.   The defense stated in the answer is substantially that the plaintiff was incorporated for the illegal purpose of combining all the dealers in vinegar, to the end that the production could be limited and controlled and the price artificially enhanced, and that the defendant was induced by fraud to subscribe for the stock.   It is also claimed that the plaintiff never became incorporated.   In brief, the defendant's position is, first, that the plaintiff was incorporated for an illegal purpose, and, secondly, that it has not been incorporated at all.   These defenses are of course inconsistent with each other, but the defendant had the right to interpose all the defenses that he had, whether they were consistent with each other or not.   It is unnecessary to make further reference to the defense of fraud, as there was no evidence on that question to submit to the jury, and no request was made by the defendant's counsel to have it submitted.   There was no proof of any corporate act pointing to any illegal purpose or object in the formation of the company.   The proof on that point consisted of a printed prospectus issued by certain promoters of the company, a blank form of contract to be used, and numerous acts and declarations made by them before the corporation was created.   It is not necessary to inquire whether these documents or those acts and declarations furnish any evidence of an illegal purpose on the part of any one.   It is quite sufficient to observe that, so far as the record shows, they were never adopted or acted upon by the corporation itself, and, therefore, cannot now be used to defeat contracts made with, or obligations incurred by, individuals to the corporation.   (*Munson* v. *S. G. & C. R. R. Co.*, 103 N. Y. 58.)

It is suggested, as a phase of the defense, that the promoters deceived the authorities of the state of Illinois as to their real purpose in forming the corporation, and in that way procured them to file the necessary papers and take the necessary steps to give the plaintiff a corporate existence. The suggestion has little if any support in the evidence, but even if the fact had been established, it would constitute no defense to this action. That state must be left to vindicate its own honor and dignity. If it be true that its authority has been invoked and its laws abused for the purpose of creating and fostering a corporation that is detrimental to public interests, it has ample power at any time to proceed against it and decree its dissolution. But so long as the plaintiff exists and is recognized by the courts and authorities of that state it is entitled to the same recognition here, unless it appears that it was formed for purposes illegal here, or was doing acts prohibited by the laws of this state to its own citizens and corporations. (*Demarest* v. *Flack*, 128 N. Y. 205.)

A foreign corporation, such as the defendant claims this to be, may be driven from the state by public authority, but it does not follow that for such reason all the contracts that private individuals have made with it, or the obligations that they may have incurred to it or its creditors, are invalidated. The certificate of incorporation filed by the corporators with the secretary of state of Illinois in March, 1887, declares that the object for which the corporation was formed is to buy, sell, deal in and handle vinegar. There was certainly nothing illegal in such object, and if the corporation afterward departed from the purpose of its creation and entered upon projects which were illegal, this misconduct must be corrected in some other way than in a suit against the defendant to recover his subscription. That might furnish good grounds for a suit by the People to vacate the charter, but no defense whatever to a stockholder when sued for his subscription. The only substantial question in the case is whether the plaintiff has proved its existence as a corporation. Its corporate character is properly averred in the complaint. The plaintiff's

counsel suggests that the fact is admitted, since the defendant in his answer has denied it only on information and belief. Under § 1776 of the Code, a mere denial in any form is not sufficient to raise an issue on such a question. The answer must contain an affirmative allegation to the effect that the plaintiff is not a corporation, and in this case the answer does contain such an allegation in connection with other matters. The plaintiff was, therefore, bound to prove its incorporation. The certificate of the secretary of state of Illinois was produced, which stated that the plaintiff was duly incorporated. Also a certificate signed and acknowledged by five persons described as incorporators, duly filed in the same office. But there was no proof that by the law of Illinois these papers established the plaintiff's corporate character, and, hence, this proof was not sufficient. There was proof, however, of the user by the plaintiff of corporate powers, and two written contracts were produced executed by the plaintiff and defendant after the subscription was made. In both of these instruments it was stated that the plaintiff was a corporation. They related to the manufacture and sale of vinegar, and contained, with considerable detail, mutual stipulations to be observed by each party. The defendant having dealt and contracted with the plaintiff as a corporation, that fact furnished some evidence of the plaintiff's corporate existence, or, at least, estopped the defendant from denying it. (*Phœnix W. Co.* v. *Badger,* 67 N. Y. 298; *Com. Bk.* v. *Pfeiffer,* 22 Hun, 334; *S. C.* affd., 108 N. Y. 242–252; *Eaton* v. *Aspinwall,* 19 id. 119; *B. & A. R. R. Co.* v. *Cary,* 26 id. 75.)

These contracts were acts performed and admissions by both parties which necessarily assumed the plaintiff's corporate character, and, as against the defendant, operated to prove that plaintiff was, as stated in the agreement, a corporation upon a principle somewhat analagous, that acts done by a corporation which require the existence of other acts to make them legally operative, are presumptive proof of the latter. (*Demings* v. *Supreme Lodge, etc.,* 131 N. Y. 522; *Pringle* v.

*Woolworth*, 90 id. 510; *Bank of the U. S.* v. *Dandridge*, 12 Wheat. 79.)

The plaintiff's corporate character was, therefore, *prima facie* established, and, as nothing was shown by the defendant in contradiction, there was no question on that issue to submit to the jury. The documents from the office of the secretary of state of Illinois were received in evidence against the defendant's objection and exception. In order to give them proper effect they should have been supplemented by proof of the law of that state, but they were competent as part of the chain of proof on the issue. When the plaintiff failed to follow them up by proof of the law which gave them efficacy, a motion to strike out was the defendant's remedy, and no such motion was made. When evidence tending to prove a material fact in issue is received under objection, and which requires proof of other facts to make it complete, which have not been supplied, its presence in the record is no ground for reversal in the absence of a motion subsequently to strike it out. The failure of the plaintiff to supplement the documentary evidence with proof of the law should have been raised by such a motion, as the ruling admitting the papers was correct when made. There are no other questions in the case that would warrant a new trial or that require any special notice.

The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.