DALY, P. J.
—The action was brought upon an agreement made January 28, 1890, by the defendant, with the firm of O’Reilly, Skelly & Fogarty, to pay them $155.70, the amount of a claim which they had against Francis McCabe for goods sold and delivered to him, at his request, of that value, and at that stipulated price, and for which he was at that date indebted to them. The firm of O’Reilly, Skelly & Fogarty, on January 3, 1891, assigned the cause of action against the de *1417 fendant to the plaintiff company, which was organized and incorporated at that date under the laws of the state of West "Virginia, to transact business for a term expiring on December 31, 1895 ; and it was alleged in the complaint that under and pursuant to the said laws of that state, when a corporation shall expire, suits may be brought in the corporate name, in like manner and with like effect as before such expiration, as far as shall be necessary or proper for collecting the debts or claims due to the corporation. The defendant demurred— First, that the complaint did not state facts sufficient to constitute a cause of action ; second, that the plaintiff has not legal capacity to sue, as it is not an existing foreign corporation, and that it is not alleged that it is authorized to do business in the state of New York, and maintain an action in the courts of this state, and has procured a certificate from the secretary of state that it has complied with all the requirements of the law authorizing it to do business in this state, and that the business of plaintiff is such as may be lawfully carried on by a corporation incorporated under the laAvs of this state for such and similar business ; and, third, that there is defect of parties defendant, in that Francis McCabe has not been made a defendant. The last objection is not urged by appellant in his brief.
Appellant relies upon the fact that the complaint failed to allege compliance Avith section 15, c. 687, Luavs 1892, requiring a foreign corporation to obtain from the secretary of state a certificate of authority to do business in this state; but the question AAdiether such compliance must be alleged and proved by the plaintiff as a part of his cause of action cannot be regarded as an open one in this court. It has been held that the Avant of such a certificate is matter of defense, to be pleaded by the defendant, and the complaint, therefore, is not open to •objection on that ground. Nicoll v. Clark, 13 Misc. Rep. 128; Lumber Co. v. Russell, 84 Hun, 114.
The statute, so far as it is essential to the point under consideration, provides:
“ No such corporation now doing business in this state shall do business herein after December 31, 1892, Avithout having procured such certificate from the secretary of state; but any laAvful contract previously made by the corporation may be performed and enforced within the state subsequent to such date. No foreign stock corporation doing business in this state without such certificate shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate.”
Appellant claims that the case does not fall within the exemption found in the sentence next to the last, of “ any lawful contract pre-viously made by the corporation,” because this contract Avas made by the plaintiff’s assignor. But this is of no conseqence, because, if the action is not upon a contract made by the corporation, then the cause is not Avithin the operation of the statute at all, which only affects contracts made by the *1418 corporation in this state. Shelby Steel Tube Co. v. Burgess Gun Co., 8 App. Div. 444, 40 N. Y. Supp. 871. The case, not being within the operation of the statute, need not, of course, be brought within the exemption. The right of the plaintiff as a foreign corporation to sue in this state is not dependent upon the act of 1892, above cited. It is conferred by the Code (section 1779), giving the same rights of maintaining actions as are possessed by domestic corporations, except as otherwise specially prescribed by law. This act of 1892 only prohibits actions upon contracts made by corporations in this state after its passage until they shall have procured the necessary certificate. Actions upon contracts made by other parties,' and assigned to the corporation, which is the case here, are not within the statute.
These considerations also dispose of the objection that the complaint does not aver that the plaintiff is a stock corporation, and therefore entitled to do business in this state; and that it is not alleged in what state the contract was made.
As to the objection that the plaintiff is not an existing foreign corporation, and therefore has not capacity to sue, owing to the expiration of the time for which it was incorporated in ■this case, it does not appear that the corporate existence is terminated, although the term for which it was organized to transact business has expired. On the contrary, the corporation appears to be continued by the statutes of west Virginia for the purpose of bringing actions to collect debts and claims due it. “ So long as the plaintiff exists, and is recognized by the courts and authorities of that state [in which it is incorporated], it is entitled to the same recognition here, unless it appears it was formed for purposes illegal here, or was doing acts prohibited by the laws of this state to its own citizens and corporations. Demarest v. Flack, 128 N. Y. 205, 40 S. R. 383.” Vinegar Co. v. Schlegel, 143 N. Y. 537-542; 62 S. R. 826. The allegations of the complaint, when taken together, indicate that the corporation has expired so far as its right to transact new business is concerned, but not so as to prevent the collection, in its corporate name, of its debts. Its existence is therefore continued for a limited and specified purpose. There is nothing in the complaint to show that the corporation is defunct, and that its affairs are being administered by trustees or a receiver. In Rodgers v. Insurance Co., 148 N. Y. 34, cited by appellant, a dissolution of a domestic-corporation had been decreed by our own courts, and a receiver-appointed. ■ A judgment had been recovered against it in Illinois, under the statute of that state which continued a dissolved insurance corporation for two years for the purpose of' winding up their affairs, and prosecuting suits by and against, them. An order was asked in this state directing the receiver here to pay the amount of that judgment, and it was held that the judgment could not bind the receiver, and should not be satisfied in the manner sought out of the assets in *1419 his hands. The facts are different from the case before us, and the principle involved is not the same, for the corporation there had been actually dissolved.
As a corporation, by the laws of the state of its incorporation, is, in effect, continued in existence for the purposes of suits by it to collect its debts, the provision of our statute (Laws 1892, above, § 30) providing that, upon dissolution, the directors or other persons appointed by the legislature or by a court of competent jurisdiction shall be the trustee of its creditors, stockholders, and members, with authority tó sue for and collect its debts, has no application. The laws of West Virginia are sufficiently pleaded by the averment that, “ under and pursuant to ” them, suits may be brought, under the circumstances of this case, in the name of the corporation. Berney v. Drexel, 33 Hun, 34.
Appellant objects that the complaint fails to aver that the plaintiff has paid the license fee required (by Chapter 240, Laws 1895) of certain foreign corporations authorized to do business in this state, of .one-eighth of 1 per cent, upon the amount of its capital stock; the statute prohibiting actions for recoveries by such corporations unless they first obtain a receipt for such license fee, as well as the certificate of authority prescribed by chapter 687, Laws 1892. It would seem that the principle of the case of Nicoll v. Clark and of Lumber Co. v. Bussell, already cited, must apply to this statute, so similar in its provisions to the one under consideration in those cases, and requires us to hold that the absence of such an averment is not a demurrable defect; but, apart from that consideration, the objection in question does not go to the sufficiency of the facts stated as the cause of action (Lumber Co. v. Bussell, above), but rather to the capacity of the plaintiff to sue, and, as such, must be specified as a distinct ground of demurrer, which has not been done. Code, § 488, subd. 3; Id. § 490.
The question of the capacity of the plaintiff to sue cannot be raised by demurrer for want of facts constituting a cause of action. Bank v. Edwards, 11 How. Prac. 216 ; Viburt v. Frost, 3 Abb. Prac. 120; Myers v. Machado, 6 Abb. Prac. 198, 14 How. Prac. 149, and 6 Duer, 678; Hobart v. Frost, 5 Duer, 672. Demurrer to a complaint in an action by a corporation on the ground last stated does not raise the objection of want of capacity to sue. Insurance Co. v. Baldwin, 37 N. Y. 648; People v. Crooks, 53 N. Y. 648. And it has been held that an allegation in the complaint that the defendant is a corporation constitutes no part of the cause of action, but simply relates to the character or capacity of the defendant. Adams v. Store Service Co., 59 Hun, 127; 35 S. R. 518.
Finally, it is urged as an objection to the complaint that it does not allege “ at what time the guarantor was to pay the antecedent debt ”; and the appellant cites the case of Donley v. Bush, 44 Tex. 1, as authority for the proposition that the. *1420 guaranty of an overdue obligation, which is silent as to the time of payment, does not create a liability to pay a debt at any particular time. That case was decided upon a peculiar state of facts, but has no application = here, for a sufficient reason : the plaintiff has not sued upon a mere guaranty of a debt, but on an express promise, in writing, for value, to pay a •claim against McCabe. A promise to pay, without specifying the time of payment, is a promise to pay absolutely and immediately, and may he enforced with or without prior demand. 'The appellant urges that, inasmuch as the complaint contains an averment that McCabe has not paid the debt upon demand, the promise of defendant is pleaded as a mere guaranty of collection. But the allegation of an absolute promise by the •defendant to pay is not qualified by the averment in question, which is unnecessary to the cause of action, and may be regarded as superfluous.
The demurrer to the complaint was properly overruled, and the final judgment for plaintiff entered thereqn must he .affirmed, with costs.
All concur.