## REEDY ELEVATOR CO. v. AMERICAN GROCERY CO.

(City Court of New York, General Term. May 11, 1898.)

1. FOREIGN CORPORATIONS—CONTRACTS.

Laws 1892, c. 687, § 15, prohibiting foreign corporations from doing business or maintaining certain actions in this state without procuring a certificate from the secretary of state, operates upon the remedy only; and a contract made before the certificate is procured becomes enforceable by an action when the certificate is thereafter procured.

2. SAME—ACTION—PLEADING.

Where it appears by the papers on which an attachment is granted, in an action by a foreign corporation, that the contract sued on constituted the first business done by the plaintiff in this state, and that it was made less than 13 months prior to the commencement of the action, and the affidavits allege that the plaintiff has complied with all the requirements of law to authorize it to do business in the state, they are not prima facie defective for failing to aver the payment by plaintiff of a license fee required by Laws 1895, c. 240, § 1.

.3. SAME—AUTHORITY OF PRESIDENT.

The president of a business corporation, being its principal executive officer, is impliedly vested with authority to transact its ordinary business, and the corporation is liable on a contract so made by him.

Appeal from special term.

Action by the Reedy Elevator Company against the American Grocery Company. From an order (48 N. Y. Supp. 619) vacating an attachment on the papers on which it was granted, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN and SCHUCHMAN, JJ.

Henry B. Wesselman, for appellant.

Dill, Seymour & Kellogg, for respondent.

SCHUCHMAN, J. The affidavit upon which the attachment was granted avers that the plaintiff is a foreign corporation, organized under the laws of the state of Illinois, and having an office and its principal place of business at Nos. 31 and 33 Tenth avenue, New York City, and has complied with all the requirements of the state of New York to authorize it to do business therein, and, before the commencement of this action, procured and received from the secretary of state of the state of New York his certificate in writing, in due form of law, under and pursuant to sections 15 and 16 of chapter 687 of the Laws of New York for the year 1892, known as the "General Corporation Law"; that the defendant is a foreign corporation, organized under the laws of the state of New Jersey; that on or about November 24, 1896, the plaintiff and defendant entered into a contract in writing, whereby plaintiff agreed to manufacture for, and sell, furnish, and deliver to, defendant a freight elevator, etc., for use in certain premises of defendant, at Nos. 131–137 Franklin street, in the city of New York, for $1,050; and said defendant, by and through its president and general manager, Thomas L. Marsalis, agreed that it would purchase said elevator, and pay said sum of $1,050 therefor; that defendant broke said contract on December 27, 1896; and that that breach constitutes plaintiff's

cause of action, whereby it seeks to recover damages therefor. The attachment was issued November 15, 1897. At the special term, the judge vacated the attachment, on the ground that the prohibition of the statute (section 15 of chapter 687 of the Laws of 1892) was absolute, and that no contract made in violation of it could be enforced. Said section 15 reads as follows:

"Sec. 15. No foreign stock corporation other than a moneyed corporation, shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state, and that the business of the corporation to be carried on in this state is such as may be lawfully carried on by a corporation incorporated under the laws of this state for such or similar business, or, if more than one kind of business, by two or more corporations so incorporated for such kinds of business respectively. The secretary of state shall deliver such certificate to every such corporation so complying with the requirements of law. No such corporation now doing business in this state shall do business herein after December 31, 1892, without having procured such certificate from the secretary of state, but any lawful contract previously made by the corporation may be performed and enforced within the state subsequent to such date. No foreign stock corporation doing business in this state without such certificate shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate."

The special term judge, in holding as aforesaid, committed an error, because the inhibition operated upon the remedy only, and was lifted as soon as the corporation obtained from the secretary of state the required certificate; and in this case the certificate was obtained before the commencement of the action. By virtue of the concluding clause of said section 15, a contract, although prohibited, might become, nevertheless, enforceable by an action when the certificate was procured. Neuchatel Asphalte Co. v. Mayor, etc., 155 N. Y. 373, 49 N. E. 1043; O'Reilly v. Greene, 18 Misc. Rep. 423, 41 N. Y. Supp. 1056. This error would require reversal of the order.

The defendant also claims that the moving affidavit was fatally defective in failing to aver that the plaintiff has paid a license fee required by the tax laws of this state (section 1, c. 240, Laws 1895). The provision is substantially as follows:

Section 1. Every foreign corporation, joint stock company or association, except banking, fire, marine, casualty and life insurance companies, and corporations wholly engaged in carrying on manufactures in this state, co-operative fraternal insurance companies and building and loan associations, authorized to do business under the general corporation law, shall pay to the state treasurer, for the use of the state, a license fee of one-eighth of one per centum for the privilege of exercising its corporate franchises or carrying on its business in such corporate or organized capacity in this state, to be computed upon the basis of the capital stock employed by it within this state during the first year of carrying on its business in this state. No action shall be maintained or recovery had in any of the courts of this state by such foreign corporation without obtaining a receipt for the license fee hereby imposed, within thirteen months after beginning such business within the state.

The affidavit on which the attachment was granted shows affirmatively that the first business done by the plaintiff in this state was the contract which is the subject of the cause of action herein, which was made on November 24, 1896. The attachment was issued and this action commenced about November 15, 1897, which was within

the 13 months after plaintiff began business within this state (as provided by said statute), and plaintiff was therefore not liable to pay said tax at that time.     The defendant seeks to invoke the rule of law "that presumptions cannot be indulged in to sustain an attachment, because the facts necessary to sustain the attachment must be proved by the affidavit to the satisfaction of the judge granting the same."     Ladenburg v. Bank, 87 Hun, 269, 33 N. Y. Supp. 821.     But the allegations in the affidavit in regard to the making of said contract of November 24, 1896, and the allegation that the plaintiff corporation has complied with all the requirements of law of the state of New York to authorize it to do business therein, are prima facie sufficient to entitle plaintiff to maintain this cause of action, and it becomes incumbent on the defendant to controvert those facts in its defense of this action.     Iron & Steel Co. v. Payne, 13 App. Div. 11, 15, 43 N. Y. Supp. 376.     The general rule is that, upon a motion to vacate an attachment, the court will not consider the merits of the action.     The attachment will be held, unless the complaint and affidavits clearly indicate that the plaintiff must ultimately fail.     In the case at bar the complaint and affidavit sufficiently set forth a cause of action, and we do not feel warranted to vacate the attachment on that ground.     Romeo v. Garofalo (Sup.) 49 N. Y. Supp. 114.

The appellant claims that, as it appears from the said affidavit that the plaintiff corporation was organized 18 months before the attachment, that its principal place of business was in the city of New York, and that the affiant during all that time had been its general manager, it raises a presumption that the plaintiff was doing business prior to the making of the contract, to wit, November 24, 1896.     With this inference we do not agree.

The appellant further claims that the attachment papers are fatally defective in not showing either actual or apparent authority on the part of Marsalis, the defendant's president, to bind the defendant by the contract in suit.     The affidavit, however, alleges that said Marsalis, the president of the defendant, as such entered into a contract with the plaintiff for a freight elevator for use in the defendant's buildings Nos. 131–137 Franklin street, in the city of New York, evidently to improve the business facilities of defendant's business.     The president of a corporation, being its principal executive officer, is impliedly vested with authority to transact its ordinary business, and the corporation is liable for the contract so made by the president.     Powers v. Power Co., 23 App. Div. 380, 48 N. Y. Supp. 237.

As to the point made by appellant that the said affidavit is irregular, because no venue is stated, it is untenable, because, it being an irregularity, the same must be specified in the notice of motion, which has not been done.

Order appealed from reversed, with costs, and motion to vacate attachment denied, with costs.     All concur.