(24 Misc. Rep. 678.)

### REEDY ELEVATOR CO. v. AMERICAN GROCERY CO.

(Supreme Court, Appellate Term.   October 5, 1898.)

1. ATTACHMENT—MOTION TO SET ASIDE.
　　When a motion to set aside a warrant of attachment is made on the original papers on which the attachment was issued, the averments contained in such papers, as well as the fair inferences to be drawn therefrom, are to be deemed true for the purposes of the motion.

2. FOREIGN CORPORATIONS—RIGHT TO SUE—LICENSE FEES—ATTACHMENT.
　　Attachment papers, in which a foreign corporation is plaintiff, are prima facie insufficient, where they allege merely that plaintiff has complied with all the requirements of the law to authorize it to do business in the state, since the papers must affirmatively show that it obtained a license receipt within 13 months after beginning business in the state, as required by Laws 1896, c. 908, § 181, as a condition to the right to maintain an action in the state, or that it belongs to a class of corporations expressly excepted by such statute from its operation.

Appeal from city court of New York, general term.

Action by the Reedy Elevator Company against the American Grocery Company.   From an order of the general term of the city court (51 N. Y. Supp. 874; see, also, 52 N. Y. Supp. 1148) reversing an order of the special term setting aside a warrant of attachment (48 N. Y. Supp. 619), defendant appeals.   Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Dill, Seymour & Kellogg, for appellant.

H. B. Wesselman, for respondent.

GILDERSLEEVE, J.   The motion to set aside the warrant of attachment was made on the original papers upon which the attachment

was granted. The averments contained in the affidavits and pa-
pers upon which the attachment was issued, as well as the fair
inferences to be drawn therefrom, are to be deemed to be true, for
the purposes of the motion. See Phillips v. Wortendyke, 31 Hun,
192; Condouris v. Cigarette Co., 3 Misc. Rep. 66, 22 N. Y. Supp.
695. The papers aver that plaintiff is a foreign corporation, do-
ing business in this state, and has complied with all the require-
ments of sections 15 and 16 of chapter 687 of the Laws of 1892,
and that it has complied with all the requirements of law to au-
thorize it to do business in the state of New York; that defend-
ant is a foreign corporation; and that the parties entered into a con-
tract, by which plaintiff 'was to manufacture for defendant, and sell,
furnish, and deliver to defendant, a freight elevator; and that de-
fendant broke the contract by refusing to purchase said elevator, or
pay the sum agreed upon. Section 181 of chapter 908 of the Laws of
1896 provides as follows:

"Every foreign corporation, joint stock company or association, except
banking, fire, marine, casualty and life insurance companies, and corpora-
tions wholly engaged in carrying on manufactures in this state, co-operative
fraternal insurance companies and building and loan associations, author-
ized to do business under the general corporation law, shall pay to the state
treasurer, for the use of the state, a license fee of one-eighth of one per
centum for the privilege of exercising its corporate franchises, or carrying
on its business in such corporate or organized capacity, in this state, to be
computed upon the basis of the capital stock employed by it within this state
during the first year of carrying on its business in this state. No action
shall be maintained, or recovery had, in any of the courts of this state by
such foreign corporation, without obtaining a receipt for the license fee
hereby imposed, within thirteen months after beginning such business with-
in the state."

There is no allegation in the attachment papers to show whether
or not plaintiff had complied with the requirements of this statute,
or whether or not it came within the exceptions specified in the stat-
ute, or whether or not the 13-months limit had passed since plaintiff
commenced to do business within this state. After a careful ex-
amination of the affidavit and complaint, we cannot agree with the
general term in their statement that "the affidavit on which the attach-
ment was granted shows affirmatively that the first business done
by plaintiff in this state was the contract which is the subject of the
cause of action herein, which was made on November 24, 1896. The
attachment was issued, and this action commenced, about November
15, 1897, which was within the thirteen months after plaintiff had
begun business within the state, as provided by said statute, and
plaintiff was, therefore, not liable to pay said tax at that time." We
can find no such allegation in the papers, and the conclusion based
thereon by the learned general term cannot, therefore, be sustained.
It appears from the papers upon which the attachment was granted
that the plaintiff was organized about 18 months before the granting
of the attachment, and had its principal place of business at No. 31
Tenth avenue, New York City; and certainly we cannot draw any in-
ference to the effect that it remained without doing any business
for about 5 months, or that it waited that length of time be-

fore commencing to do business in this state. The learned general term was of opinion that the allegation that plaintiff has complied with all the requirements of law of this state to authorize it to do business therein was prima facie sufficient to entitle plaintiff to maintain the action, and that it was incumbent on defendant to controvert the allegation or fact. We cannot concur in this view. The prohibition contained in the statute is not directed against doing business, but is specially and specifically directed against maintaining an action in any of the courts of this state. This allegation clearly had reference to the corporation law of 1892, and not to the tax law under consideration.

As it definitely appears that plaintiff made and sold elevators, the only exception, specified in the statute, under which plaintiff could, in any way, claim to come, would be that applying to "corporations wholly engaged in carrying on manufactures in this state." As we have already said, there is no allegation that plaintiff is or is not a corporation wholly engaged in carrying on manufactures in this state; nor can a fair inference, one way or the other, be drawn with any satisfactory degree of certainty. There is nothing upon which we can base a conclusion that plaintiff comes under any of the exceptions of the statute. The rule governing this case is well settled in this department. In Lumber Co. v. Bussell, 84 Hun, 114, 31 N. Y. Supp. 1107, the court held that, in order to sustain attachments, all facts relating to the jurisdiction of the court, or right of the plaintiff to maintain the action, must be affirmatively set forth in the motion papers; and a defect in this respect is fatal to the attachment. If a statute, as a preliminary to jurisdiction, or to plaintiff's right to maintain the action, requires certain facts to exist, such facts cannot be presumed. The papers upon which a foreign corporation doing business in this state, in relation to a transaction arising in such state, procures an attachment, must show, for the purposes of the attachment, that the corporation has complied with the provisions of the statute; and, if such fact does not appear in the papers upon which the warrant of attachment was granted, the omission of such allegation therefrom is legal cause for vacating the warrant of attachment. Again, in the case of Ladenburg v. Bank, 87 Hun, 269, 33 N. Y. Supp. 821, it is held that, unless jurisdictional facts appear in the papers upon which the attachment is granted, the attachment must be set aside, as it is the plain meaning of the Code that it must appear by affidavit, to the satisfaction of the judge granting the warrant of attachment, that a cause of action exists of which the court has jurisdiction. Ordinarily, jurisdiction in a court of general jurisdiction need not be alleged, but, where the provisions of the law are that the court shall have jurisdiction of a certain class of cases only where certain facts exist, it is necessary to allege, in order to show that a cause of action exists, that the facts essential to such jurisdiction are present. This rule that no presumptions are to be relied upon to sustain an attachment is fortified by the principle that in sustaining attachments strict construction of the statutes and the affidavits is required in favor of the person against whose property the attachment is obtained. See Penoyar v. Kelsey, 150 N. Y. 77, 44 N. E. 788.

With regard to the suggestion that plaintiff may have come within one of the exceptions of the statute, we may further point out that the statute in question provides that every foreign corporation shall be debarred from maintaining an action without obtaining the receipt referred to, except certain specified corporations; and, as plaintiff alleges that it is a foreign corporation, it ought also to have shown either that it came within one of the exceptions specified in the statute, or that it had not been doing business in this state for so long a period as 13 months prior to the time of the application for the attachment and commencement of the action, and, consequently, that its time had not expired; or it should have shown that it had complied with the requirements of the statute, and obtained the receipt. We do not see that the cases of People v. Roberts, 29 App. Div. 585, 51 N. Y. Supp. 487; Steel Co. v. Payne, 13 App. Div. 11, 43 N. Y. Supp. 376; O'Reilly v. Greene, 18 Misc. Rep. 424, 41 N. Y. Supp. 1056; Galligan v. Groten (City Ct. N. Y.) 38 N. Y. Supp. 1144; Bondy v. Collier (Com. Pl.) 33 N. Y. Supp. 996; Wright v. Brown, 67 N. Y. 1; Romeo v. Garofalo, 25 App. Div. 191, 49 N. Y. Supp. 114; and Liddell v. Paton, 67 N. Y. 393,—apply to the facts presented in the case at bar. As we have reached the conclusion that the order should be reversed for the reasons above set forth, it is unnecessary to discuss the other questions raised upon the appeal.

The order of the general term is reversed, with $10 costs and disbursements, and the order of the special term affirmed. All concur.