BATCHELDER & LINCOLN COMPANY, Respondent, *v.* LENA KNOPF, Appellant.

*A foreign corporation may sue in the State of New York on a contract made in another State — if it does no business in the State of New York a license from the Secretary of State is not necessary.*

A corporation organized under the laws of Massachusetts, which does no business in the State of New York, may maintain an action in the State of New York against a natural person upon a contract made in the State of Massa-

chusetts without procuring from the Secretary of State the license required by
section 15 of the General Corporation Law (Laws of 1890, chap. 563, as amd.
by Laws of 1892, chap. 687), as that section only applies to corporations doing
business in the State of New York.

Appeal by the defendant, Lena Knopf, from an· order of the
Supreme Court, made at the New York Special Term and entered
in the office of the clerk of the county of New York on the 28th
day of August, 1900, denying her motion to vacate an attachment
theretofore issued in the action.

*Mark H. Ellison*, for the appellant.

*George S. Hastings*, for the respondent.

Ingraham, J.:

We agree with the court below that the provisions of section
15 of the General Corporation Law (Laws of 1890, chap. 563, as·
amd. by Laws of 1892, chap. 687) only apply to corporations doing
business within this State, and as it is expressly alleged that the
plaintiff is a corporation organized and existing under the laws of
the State of Massachusetts, and is engaged in business in the city of
Boston in said State, and that the contract sought to be enforced
was made at the city of Boston, State of Massachusetts, none of the
provisions of this section of the General Corporation Law applied.
As the corporation did no business within this State, it was not
required to procure a license from the Secretary of State. No law
prohibits a foreign corporation from commencing an action in this
State against a natural person. By section 1779 of the Code it is
provided that " an action may be maintained by a foreign corpora-
tion in like manner and subject to the same regulations, as where the
action is brought by a domestic corporation, except as otherwise
specially prescribed by law," and as a domestic corporation would
have been authorized to maintain this action against the defendant,
there was no provision by which the plaintiff was prohibited from
maintaining it. The case of *Reedy Elevator Co.* v. *Am. Grocery
Co.* (24 Misc. Rep. 678) does not apply. There the papers upon
which the attachment was granted averred that the plaintiff was a
foreign corporation doing business within this State, and to such a

corporation the provisions of section 15 of the General Corporation Law applied.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and HATCH, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.