## BATCHELDER & LINCOLN CO. v. KNOPF.

(Supreme Court, Appellate Division, First Department.   November 9, 1900.)

FOREIGN CORPORATIONS—RIGHT TO SUE—LICENSE—ATTACHMENT.
    Under Code Civ. Proc. § 1779, providing that "an action may be maintained by a foreign corporation in like manner, and subject to the same regulations, as where the action is brought by a domestic corporation, except as otherwise specifically prescribed by law," there being no law prohibiting domestic corporations from maintaining attachment proceed-
    66 N.Y.S.—33

ings, a foreign corporation doing business wholly without the state may maintain such proceedings against a natural person on a contract made without the state without complying with Gen. Corp. Law, § 15, relating to foreign corporations doing business within the state.

Appeal from special term, New York county.

Action by the Batchelder & Lincoln Company against Lena Knopf. From an order denying motion to vacate an attachment, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Mark H. Ellison, for appellant.

George S. Hastings, for respondent.

INGRAHAM, J. We agree with the court below that the provisions of section 15 of the general corporation law only apply to corporations doing business within this state; and, as it is expressly alleged that the plaintiff is a corporation organized and existing under the laws of the state of Massachusetts, and is engaged in business in the city of Boston, in said state, and that the contract sought to be enforced was made at the city of Boston, state of Massachusetts, none of the provisions of this section of the general corporation law applied. As the corporation did no business within this state, it was not required to procure a license from the secretary of state. No law prohibits a foreign corporation from commencing an action in this state against a natural person. By section 1779 of the Code it is provided that "an action may be maintained by a foreign corporation in like manner and subject to the same regulations as where the action is brought by a domestic corporation, except as otherwise specifically prescribed by law"; and, as a domestic corporation would have been authorized to maintain this action against the defendant, there was no provision by which the plaintiff was prohibited from maintaining it. The case of Reedy Elevator Co. v. American Grocery Co., 24 Misc. Rep. 678, 53 N. Y. Supp. 989, does not apply. There the papers upon which the attachment was granted averred that the plaintiff was a foreign corporation doing business within this state, and to such a corporation the provisions of section 15 of the general corporation law applied. The order appealed from should be affirmed, with $10 costs and disbursements. All concur.