THE INTERNATIONAL SOCIETY, Appellant, *v.* WILLIAM E. DENNIS, Respondent.

*Objection that a foreign corporation had not a certificate of authority to do business in the State of New York — it must be set up as an affirmative defense.*

The defendant, in an action brought by a foreign corporation, cannot raise the objection that the plaintiff is not entitled to maintain the action because of its failure to obtain from the Secretary of State a certificate of authority to do business in the State of New York as required by section 15 of chapter 687 of the Laws of 1892, unless that defense is affirmatively set forth in the answer. A denial in the answer of any knowledge or information sufficient to form a belief as to the truth of an allegation in the complaint that the plaintiff is a foreign corporation, is not sufficient.

APPEAL by the plaintiff, The International Society, from a judgment of the Municipal Court of the city of New York, borough of Queens, in favor of the defendant, entered on the 19th day of March, 1902, upon the verdict of a jury.

*William Willett, Jr.,* for the appellant.

*Daniel Brown,* for the respondent.

WILLARD BARTLETT, J. :

This action is brought to recover the sum of sixty-five dollars as a balance due under a written contract whereby the defendant agreed to purchase from the plaintiff a set of books known as the "Library of the World's Best Literature, published complete in thirty-one volumes, Buckram binding." Under this agreement a set of books was delivered to the defendant, who objected to them on account of the rough edge of the pages. In view of this objection plaintiff sent the defendant another set in which the edges were cut and the tops gilt. The defendant appears to have been equally dissatisfied with these books, and claims to have returned both sets to the plaintiff.

The case was tried before a jury, to whom it was submitted without any instructions from the court. As the verdict was in favor of the defendant it must be assumed that the jury found that the books delivered to him did not accord with the terms of the contract. I am unable to find anything in the evidence which justifies this conclusion. All that the written contract specified in regard to the makeup of the books was that they were to be bound in buckram. The volumes produced as exhibits upon the appeal show that this condition was complied with. The defendant contends that the books which he received had "never been finished," but the uncontradicted evidence in behalf of the plaintiff showed that at all events the second set of books, with the tops gilt, was manufactured in accordance with the latest style of book making for works of this character. In view of the proof on this subject the record discloses no legal ground for relieving the defendant from his purchase. There was no evidence whatever offered in behalf of the defendant to show that the books were in fact incomplete or unfinished in any sense.

The complaint alleges that the plaintiff is a corporation organized and existing under the laws of the State of New Jersey. The defendant pleads that he has no knowledge or information sufficient to form a belief as to the truth of this allegation. Under this averment in the answer it is contended in behalf of the defendant that

the plaintiff could not recover without showing that it had complied with the statute which requires a foreign corporation to obtain from the Secretary of State a certificate of authority to do business in New York. (Laws of 1892, chap. 687, § 15.) It is sufficient to say with reference to this objection that it is not tenable unless affirmatively set out as matter of defense in the answer. (*O'Reilly, Skelly & Fogarty Co.* v. *Greene,* 18 Misc. Rep. 423 ; 41 N. Y. Supp. 1056.)

The judgment must be reversed on the ground that the verdict is against the evidence, and a new trial ordered, costs to abide the event.

All concurred.

Judgment of the Municipal Court reversed and a new trial ordered, costs to abide the event.