INTERNATIONAL SOCIETY v. DENNIS.

(Supreme Court, Appellate Division, Second Department.   November 14, 1902.)

1. APPEAL—TRIAL—FINDINGS—PRESUMPTIONS.

   Where, in an action for a balance on a contract for the purchase of books, defendant claims that he was dissatisfied and returned them, and the case is submitted without instructions to a jury, which finds for defendant, it will be presumed on appeal that the jury found that the books did not accord with the terms of the contract.

2. SALES—CONTRACT—EVIDENCE—SUFFICIENCY.

   Where a contract for the sale of books to defendant merely specified that they were to be bound in buckram, and those delivered were so bound, and there was no evidence that they were "unfinished and incomplete" except defendant's testimony, a finding in his favor cannot be sustained.

3. FOREIGN CORPORATION—PLEADING—AUTHORITY TO DO BUSINESS.

   Where a complaint alleged that plaintiff was a foreign corporation, to which defendant answered that he had no knowledge or information sufficient to form a belief, but did not affirmatively set out that plaintiff had not complied with Laws 1892, c. 687, § 16, requiring foreign corporations to obtain a certificate of authority to do business in the state, plaintiff could recover without showing that fact.

Appeal from municipal court, borough of Queens, Third district.

Action by the International Society against William E. Dennis. From a judgment for defendant, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William Willett, Jr., for appellant.

Daniel Brown, for respondent.

WILLARD BARTLETT, J.   This action is brought to recover the sum of $65 as a balance due under a written contract whereby the defendant agreed to purchase from the plaintiff a set of books known as the "Library of the World's Best Literature," published complete in 31 volumes, buckram binding.   Under this agreement a set of books was delivered to the defendant, who objected to them on account of the rough edge of the pages.   In view of this objection plaintiff sent the defendant another set, in which the edges were cut and the tops gilt.   The defendant appears to have been equally dissatisfied with these books, and claims to have returned both sets to the plaintiff.

The case was tried before a jury, to whom it was submitted without any instructions from the court.   As the verdict was in favor of the defendant, it must be assumed that the jury found that the books delivered to him did not accord with the terms of the contract. I am unable to find anything in the evidence which justifies this conclusion.   All that the written contract specified in regard to the makeup of the books was that they were to be bound in buckram. The volumes produced as exhibits upon the appeal show that this condition was complied with.   The defendant contends that the books which he received had "never been finished," but the uncontradicted evidence in behalf of the plaintiff showed that at all events the second set of books, with the tops gilt, was manufactured in accordance

with the latest style of book making for works of this character. In view of the proof on this subject, the record discloses no legal ground for relieving the defendant from his purchase. There was no evidence whatever offered in behalf of the defendant to show that the books were in fact incomplete or unfinished in any sense.

The complaint alleges that the plaintiff is a corporation organized and existing under the laws of the state of New Jersey. The defendant pleads that he has no knowledge or information sufficient to form a belief as to the truth of this allegation. Under this averment in the answer it is contended in behalf of the defendant that the plaintiff could not recover without showing that it had complied with the statute which requires a foreign corporation to obtain from the secretary of state a certificate of authority to do business in New York. Laws 1892, c. 687, § 16. It is sufficient to say with reference to this objection that it is not tenable unless affirmatively set out as matter of defense in the answer. O'Reilly, Skelly & Fogarty Co. v. Greene (Sup.) 41 N. Y. Supp. 1056.

The judgment must be reversed on the ground that the verdict is against the evidence, and a new trial ordered; costs to abide the event. All concur.