(61 Misc. Rep. 443.)

### CUNNINGHAM v. GLAUBER et al.

(Supreme Court, Special Term, New York County. December, 1908.)

CORPORATIONS (§ 630*) — DISSOLUTION OF CORPORATION — ACTION FOR NEGLIGENCE.

General Corporation Law (Laws 1892, p. 1811, c. 687) § 30, is not applicable to a stock corporation; but such corporation is controlled by Stock Corporation Law (Laws 1896, p. 994, c. 932) § 57, and an action against the directors of a stock corporation, after dissolution, for negligent injury for which the corporation was answerable, cannot be maintained, as it continues against the corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 630.*]

Action by Michael C. Cunningham against Samuel S. Glauber and others. Demurrer to complaint sustained.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

May & Jacobson, for plaintiff.
Goldsmith & Rosenthal, for defendants.

BISCHOFF, J.   This action, brought against the directors of a stock corporation after voluntary dissolution to recover damages for a negligent injury for which the corporation was answerable, proceeds upon the theory that section 30 of the general corporation law (Laws 1892, p. 1811, c. 687) applies; and the case of Marstaller v. Ogden Mills, 143 N. Y. 398, 38 N. E. 370, is cited as an authority for the plaintiff.   By section 57 of the stock corporation law (Laws 1896, p. 994, c. 932), enacted in the year 1896, specific provision is made for the enforcement of demands against a stock corporation after voluntary dissolution; it being declared:

"Said corporation shall nevertheless continue in existence for the purpose of paying * * * any existing debts * * * and may sue and be sued for the purpose of enforcing such debts and obligations."

Marstaller v. Ogden Mills was a case of a business corporation, and the matters in suit arose prior to the enactment of section 57 of the stock corporation law; hence that authority has no application to the present controversy.

The special provisions of section 57 of the stock corporation law must necessarily control over the general provisions of section 30 of the general corporation law in a case thus specially provided for (see O'Reilly v. Greene, 18 Misc. Rep. 423, 426, 41 N. Y. Supp. 1056), and accordingly the cause of action stated in the complaint was one which continued against the corporation, not against the directors as trustees for the purposes of a suit.   The demurrer must therefore be sustained, with costs.

Demurrer sustained.