PAUL WARREN, Respondent, *v.* DEARSTYNE BROTHERS TOBACCO COMPANY et al., Appellants.

Third Department, March 9, 1949.

*Carter & Conboy* for appellants.

*William E. J. Connor* for respondent.

Foster, P. J.  Plaintiff was injured as the result of an accident, for which the jury could find that the individual defendant was wholly to blame.  Prior to the accident plaintiff's hearing was somewhat impaired, or to use his characterization he was " a little bit hard of hearing ".  On the trial of the action he testified that after the accident his hearing became worse and people had to shout at him.  If true, this was a serious condition and it was encumbent upon the plaintiff to offer some competent proof connecting such a condition with the accident before a jury could assess damages therefor as a part of its verdict.

The natural inference for any layman to draw would be that plaintiff's further impairment of hearing was a result of his accident.  But, in the absence of medical testimony, such an inference drawn by laymen would be wholly speculative for of course the impairment might have been the result of natural causes.  No medical testimony was offered to connect such an injury with the accident.

In his charge to the jury the trial court stated plaintiff's claim of loss of hearing as one of his claims of injury.  Counsel for the defendant excepted to the submission of any question of fact as to plaintiff's alleged impairment of hearing on the issue of damages.  It is argued that because defendants' counsel did not move to strike out the testimony as to his loss of hearing after the accident at the conclusion of all the testimony that defendants are now precluded from questioning the verdict in that regard.  Assent to this argument would admit a burden upon defendants' counsel which in my opinion did not exist.  Plaintiff's evidence, so far as it went, was competent; but it did not go far enough to warrant the submission to the jury of a claim for impaired hearing resulting from the accident.  Defendants' counsel called this defect in proof to the attention

of the Trial Judge by an appropriate exception. He had no further duty. The legal error thereby saved for review was the submission of a claim not connected by competent testimony to the accident.

In view of the serious nature of this part of plaintiff's claim and the size of the verdict returned by the jury I cannot say that the error was trivial and should be disregarded. The judgment should be reversed and a new trial granted, with costs to abide the event.

DEYO and SANTRY, JJ., concur; BREWSTER, J., dissents, in the following memorandum, in which HEFFERNAN, J., concurs: The evidence amply supports the verdict upon the issue of negligence. The legal defect in plaintiff's proof as to his increase in loss of hearing after his receipt of bodily injuries in the accident was not sufficiently raised or preserved as a matter of legal error so as to call for a reversal. (*United States Vinegar Co. v. Schlegel*, 143 N. Y. 537, 544.) Plaintiff's proof as to his loss of earnings as a mechanic was competent. We may not say that no reasonable and impartial mind would have appraised plaintiff's damages as high as stated in the verdict.

Judgment reversed, on the law and facts, and a new trial granted, with costs to abide the event.