In the Matter of the Accounting of PHILIP HELLER, as Administrator of the Estate of RUBIN HELLER, Deceased.

Surrogate's Court, Kings County, March 1, 1954.

*Herbert L. Maltinsky* for administrator, for motion.

*Norbert J. Kahn* for Meyer Rainisch, claimant, opposed.

RUBENSTEIN, S. Motion to preclude is granted unless within five days after the service of a copy of the order to be entered herein, claimant serves a new bill of particulars verified by him and in compliance with the demand, with the exception that the names of witnesses need not be furnished. In furnishing the particulars requested, the bill should follow the designation of the items set forth in the demand (*Roden* v. *Bond Stores,* 80 N. Y. S. 2d 88).

In a claim for services allegedly rendered to a decedent, and as here, also to decedent's predeceased wife, during their respective illnesses, full particularization is required. The demand herein was proper except for the request of names of witnesses as noted (*Goakes* v. *City of Oneida,* 180 App. Div. 118; *McCready* v. *Island Park-Long Beach,* 235 App. Div. 691; *Langan* v. *Cabot,* 67 N. Y. S. 2d 783, 788; *Storer* v. *Bion Exhibits,* 279 App. Div. 1098; *Matter of Leary,* 175 Misc. 253; *Crawford* v. *Bonner,* 187 Misc. 119).

The defect in the supporting affidavit, by reason of the lack of venue, is merely an irregularity (*Fisher* v. *Bloomberg,* 74 App. Div. 368), and may be disregarded if it appears *aliunde* that the oath was administered by a proper officer within the jurisdiction (*Barthelmues* v. *Ives,* 194 Misc. 13; *Matter of McCarthy,* 119 Misc. 257, affd. 203 App Div. 833; *Reedy Elevator Co.* v. *American Grocery Co.,* 48 N. Y. S. 619, revd. 23 Misc. 520, revd. 24 Misc. 678). Such is evidenced herein by the fact that the affiant, as attorney for the administrator, has his office in Kings County and the notary public was qualified to administer the oath to him in said county.

Submit order, on notice, accordingly.