## CHATHAM NAT. BANK *v.* PRATT.

*(Supreme Court, General Term, First Department.* October 16, 1891.)

**1. GUARANTY—DISCHARGE BY DELAY.**

In an action on a guaranty of collection given to plaintiff bank, defendant claimed that he was discharged by the delay of the bank to proceed against the principal. The president of the bank testified that the guarantor assented to the delay, but was contradicted by the guarantor and the principal. *Held,* that a finding for plaintiff on such issue should not be set aside, as against the weight of evidence.

**2. SAME.**

Plaintiff bank holding a guaranty of the collection of a note, delayed from July 17th to November 29th to sue the principals, and delayed from January 7th following to April 8th to move to strike out as frivolous the answer interposed in such action. *Held,* in an action on the guaranty, that the delay was not so great as to amount as matter of law to a discharge of the guarantor. BARRETT, J., dissenting.

Appeal from circuit court, New York county.

Action by the Chatham National Bank against James H. Pratt on a written guaranty. Defendant appeals from a judgment entered on a verdict for plaintiff and from an order denying his motion for a new trial. Affirmed.

In April, 1885, William T. Pratt, having an individual account with the Chatham National Bank, and being pressed to secure the same, obtained from James H. Pratt, and delivered to the bank, the following guaranty:

"NEW YORK, April 25th, 1885.

"For value received, and for the purpose of giving William T. Pratt credit at the Chatham National Bank of New York, I hereby guaranty the collection of all checks, drafts, and promissory notes upon which said William T. Pratt is now, or hereafter shall be, liable to said bank as maker, indorser, drawer, or acceptor, to an amount not exceeding ten thousand dollars, hereby waiving demand and notice of non-payment thereof.          JAMES H. PRATT."

At the time of obtaining the guaranty he made no explanation to James H. Pratt of the condition of his account, or the nature of the liabilities existing against him. In his account the bank was carrying the following note:

"$10,000.00.          PHILADELPHIA, Jan. 28th, 1881.

"On demand, after date, we promise to pay to the order of Wm. T. Pratt, with interest, ten thousand dollars at the Chatham Nat'l. Bank, New York. Value received.

"KEYSTONE SCHOOL & CHURCH FURNITURE CO.·
"A. F. OLD, Atty.

[Indorsed,]     "WM. T. PRATT.
"BAKER, PRATT & CO."

On July 17, 1886, the president of the bank notified William T. Pratt that, unless the note was paid on that day, he should notify the guarantor, and proceed to measures for collection. The note was not paid, and was protested September 10, 1886, and an action was commenced against the indorsers thereon, November 29, 1886. In such action an answer was interposed January 7, 1887. On April 8th, a motion was made for judgment on the answer as frivolous, and such motion was granted and judgment was entered in the action April 15, 1887. Such judgment not having been paid, this action was brought on the guaranty.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*Anderson & Man, (E. Ellery Anderson,* of counsel,) for appellant. *Hays & Greenbaum, (Daniel P. Hays,* of counsel,) for respondent.

BARTLETT, J. The guaranty upon which this suit was brought was a guaranty of collection, only, and the counsel on both sides agree that a diligent prosecution of the principal was essential in order to charge the guarantor with any liability on the instrument. *Craig* v. *Parkis,* 40 N. Y. 181; *Insurance Co.* v. *Wright,* 76 N. Y. 445. The delay in proceeding against the principal in this case was so great that the learned judge who presided upon the trial correctly charged the jury that it released the defendant, unless the plaintiff could show that the delay was due to some agreement, understanding, or acquiescence on his part. The guaranty was given on April 25th, and there was testimony by the president of the plaintiff bank tending to show that at a subsequent interview the defendant was informed that no proceedings were being taken to collect the particular note the non-payment of which has given rise to the present action, and that at this conversation he virtually assented to the course taken by the officers of the bank. The testimony of the president is contradicted, not only by the defendant himself, but by Mr. William T. Pratt, for whose benefit the guaranty was given; but we cannot say that the proof was not sufficient to warrant the jury in finding the fact of acquiescence, or that such finding was so clearly against the weight of evidence that the verdict ought to be set aside. It cannot be held, however, that this acquiescence extended down to a date later than July 17, 1886, by which date it is plain, from the evidence in the case, that the officers of the bank must have understood that it was their duty to proceed to collect the guarantied note. The bank did not bring suit until November 29, 1886, and judgment was not obtained against William T. Pratt until April 15, 1887. The defendant insisted that this delay subsequent to July 17, 1886, was so unreasonable that, as a matter of law, it should be held to discharge the defendant. It appears, however, that the dilatory progress of the action was due to some extent to the interposition on January 7, 1887, of an answer by one of the parties sued on the note. A motion was made to strike out this answer as frivolous on April 8, 1887, which was successful, and judgment was entered a week later. It certainly seems as though the bank ought to have proceeded with more celerity in its efforts to collect the guarantied paper; but we are not prepared to say, as matter of law, that the delay after July 17, 1887, was such, under all the circumstances, as to free the guarantor from liability. The judgment should be affirmed, with costs.

VAN BRUNT, P. J., concurs.

BARRETT, J. I dissent. I think the delay subsequent to July 17, 1886, was unreasonable. There was no excuse for delaying action until late in the following November. That alone should release the guarantor. But there was further negligence, even after the commencement of the action; for if judgment was delayed by the interposition of Boyd's frivolous answer, there was surely no excuse for the three months of inaction which preceded the motion for judgment.