DETERMINED IN THE

# FIFTH DEPARTMENT

AT

# GENERAL TERM,

# 𝕸𝖆𝖗𝖈𝖍, 1893.

---

ELIZABETH ZIEGLER, Respondent, v. HENRY ZIEGLER, Appellant.

*Attachment — conversion of personal property — secreting property with intent to defraud creditors.*

In an action brought to recover damages for the alleged wrongful conversion of personal property it appeared that the defendant, who had joined with the plaintiff in a sale, for cash, of real estate owned by them in common (under an agreement that the entire consideration should be divided between them equally and that the plaintiff should receive her half immediately upon the consummation of the sale), had received the whole consideration in money, and had failed and refused to pay the plaintiff her share on demand or to tell her where the money was, coupled with the boast that he had it in a safe place, after having persistently falsely denied that he had the money.

*Held*, sufficient to support an action for the wrongful conversion of personal property, and to justify the issuance of an attachment therein on the ground that the defendant had secreted his property with the intent to defraud his creditors.

APPEAL by the defendant, Henry Ziegler, from an order made at the Monroe Special Term, and entered in the Monroe county clerk's office November 1, 1892, denying his motion to vacate a warrant of attachment against his property.

The attachment was granted on the ground that the defendant had disposed of or secreted property with intent to defraud his creditors, and the motion was made on the same papers upon which the attachment was granted.

*C. A. Keeler,* for the appellant.

*Arthur E. Sutherland,* for the respondent.

MACOMBER, J. :

This action is brought to recover the sum of $1,650 belonging to the plaintiff which had been wrongfully converted by the defendant to his own use. The warrant of attachment was issued under subdivision 2 of section 635 of the Code of Civil Procedure, which permits such provisional remedy against the property of the defendant for the wrongful conversion of personal property.

It appears that the plaintiff and defendant were owners in common of certain lands described in the complaint, and that they were equally interested therein ; and that they had, on consultation, agreed to sell and convey the same to one Herman F. Roesch and Barbara Roesch, his wife, for the sum of $3,300 payable in cash ; and that thereafter and on September 14, 1892, a deed of such premises was duly delivered to the grantees. Before this conveyance was made, it was agreed between the parties hereto, that the entire consideration for the sale should be equally divided between them, share and share alike, and that immediately upon the consummation of such sale the plaintiff should receive her half thereof, namely, $1,650. The defendant actually received the whole consideration from Roesch and wife in money. Instead of turning the share of the plaintiff over to her or in any manner accounting for the moneys in his hands, he persistently denied, when applied to from time to time, that any money had been paid to him by the grantees, and continued such denials up to the 29th day of September, 1892, when, being confronted with the allegation or proof of his perfidy, he admitted to the plaintiff and others, that he had so received the entire sum of $3,300, but refused to pay over any part thereof to the plaintiff ; on the contrary, he averred that he would not pay the plaintiff anything, and refused to allow her any participation in such moneys. On being asked where he kept the money, or where it was, he refused to say anything except " I have got it in a safe place." He then jeered at the plaintiff and boasted of having caught her in a trap. This affidavit of the plaintiff is corroborated by others, and for the purposes of this motion must be deemed to be in all respects

true. No fact contained therein being denied, every intendment must be made in its behalf.

We think that the affidavit makes out a sufficient case under this provision of the Code. It was the duty of the defendant upon receiving the money immediately to turn over one-half thereof to the plaintiff. Having failed to do so and refusing to pay the same upon demand, he was guilty of a wrongful conversion, and this action, based on that ground, was properly brought. Under the allegations of the complaint it was not incumbent upon the plaintiff to resort to a mere accounting, but she had the right to bring her action in this form and to resort to the provisional remedy provided by the Code.

But it is argued by the counsel for the defendant that a debtor, when asked where his money is by his creditor, is not bound to tell where he keeps it. This undoubtedly is true in a general sense, but the position is hardly tenable under the facts disclosed in this case. The persistent falsehood indulged in by the defendant for two weeks in denying that he had the money, coupled with the boast that he had got it in a safe place, were affirmative facts sufficient to show that he had secreted his property with the intent to defraud the plaintiff.

The order appealed from should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.