(25 App. Div. 191.)

## ROMEO v. GAROFALO.

(Supreme Court, Appellate Division, First Department. January 14, 1898.)

ATTACHMENT—MOTION TO VACATE.
Upon a motion to vacate an attachment, the question was whether, on the facts as averred, there was an express warranty, for the breach of which the plaintiff could recover. The language of the contract was that the paste which the plaintiff purchased should be shipped by the defendant in good, merchantable order, of the usual good quality. *Held*, that the question was not free from doubt, and that therefore, under the general principle that on such a motion the attachment will be held, unless the complaint and affidavits clearly indicate that the plaintiff must ultimately fail, the motion should be denied.

Appeal from special term, New York county.

Action by Francisco Romeo against Alfonso Garofalo. From an order of the general term (47 N. Y. Supp. 91) denying a motion to vacate warrant of attachment, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Esek Cowen, for appellant.
E. E. Baldwin, for respondent.

PER CURIAM. We do not think that the complaint and affidavit here so clearly fail to state a sufficient cause of action as to justify the vacating of the attachment. The general rule is (as was held in Furbush v. Nye, 17 App. Div. 326, 45 N. Y. Supp. 214, and in Johnson v. Trim Co., 79 Hun, 407, 29 N. Y. Supp. 797) that the court will not consider the merits of the action upon a motion of this character, and thus determine whether the plaintiff can succeed or not. The attachment will be held, unless the complaint and affidavits clearly indicate that the plaintiff must ultimately fail. Here the question is whether there was an express warranty, for the breach of which the plaintiff can recover. That question, upon the facts before us, is, to say the least, doubtful. The language of the contract is that the paste which the plaintiff purchased should be shipped by the defendant in good, merchantable order,

of the usual good quality. The latter expression would seem to have been unnecessary, if nothing more were intended to be conveyed thereby than that the paste should be in good, merchantable order. The plaintiff's contention is that the paste was to be merchantable, and also of the usual good quality. This contention is not without force. We do not, however, desire to prejudge that question. It is sufficient, for the proper disposition of this appeal, that the question is not free from doubt. It may be that when, upon the trial, this contract is read in the light of the surrounding circumstances, a meaning should be attached to these words, "of the usual good quality," which will bring it within the definition of an express warranty. Some of these circumstances are even now in evidence. Thus, it appears that the goods were delivered on board of a vessel at the port of Naples, that they were paid for in part before they arrived in this country, that the plaintiff is a dealer in this paste here, and that the defendant is the manufacturer thereof in Italy. An understanding between the parties as to the quality of the paste, and as to what was "usual" in that regard, may plainly, under this complaint, be developed, when all the surrounding circumstances are disclosed by testimony upon the trial. At all events, we cannot, upon these papers, say with any degree of certainty that the plaintiff must necessarily fail upon the trial to establish an express warranty.

We think, therefore, that the order was right, and should be affirmed, with $10 costs and the disbursements of the appeal.