(31 Misc. Rep. 48.)

PECK v. BROOKS. [1]

(Supreme Court, Special Term, New York County. March, 1900.)

1. VACATING ATTACHMENT—ISSUES.
    On a motion to vacate an attachment, the merits of the action will not be inquired into.

2. SAME—GROUNDS OF ATTACHMENT.
    Allegations in an affidavit for attachment that defendant has secreted his property with intent to defraud his creditors are sufficiently supported, on a motion to vacate the attachment, by recitals showing a wrongful conversion of money by defendant, in which plaintiff claims a share, and persistent efforts on defendant's part to conceal it after his refusal to accede to proper demands therefor.

Action by William H. Peck against Frank P. Brooks. Motion to vacate an attachment. Denied.

Blackwell Bros., for plaintiff.
Kisch & Roberts, for defendant.

LEVENTRITT, J. Motion on affidavits to vacate an attachment. The plaintiff's assignor and the defendant entered into an agreement to share in the profits of a certain real-estate transaction, the personal management of which was intrusted to the defendant. The transaction was consummated, and the defendant came into possession of profits amounting to about $25,000, of which plaintiff's assignor claimed over $17,000. The attacking affidavits are almost entirely directed against the cause of action, or in support of some affirmative defense thereto. It is impossible, so far as the cause of action is concerned, to anticipate the result of the litigation. The moving affidavits certainly do not show that the plaintiff must ultimately fail, and, in the absence of an indication that his papers are hopelessly bad, it is well settled that the merits will not be inquired into on a motion of this character. Investment Co. v. Moore, 35 App. Div. 421, 54 N. Y. Supp. 787; Furbush v. Nye, 17 App. Div. 326, 45 N. Y. Supp. 214. Nor do I think that the ground of attachment is successfully impeached. To support the allegation that the defendant has secreted his property with intent to defraud his creditors, the plaintiff shows that at divers times profits were received as such by the defendant; that on each separate occasion he denied having received them, asserting that no profit had been realized, while in fact at the time of such assertions he had the moneys in his possession, or on deposit in bank to his credit; that on two separate occasions he declared that the sums which he had actually received as profits were by him necessarily paid over to the vendors; that, to carry out the deception, he had made the pretense of an attempted procurement of a receipt from the vendors' agent for thousands of dollars

[1] Affirmed in 64 N. Y. Supp. 1145.

in excess of what he had really paid; that when subsequently pressed for an accounting he announced that the deal had fallen through, when in truth it was smoothly progressing; and, finally, that he took refuge behind the pretext that the contract price had been raised in a sum just sufficient to equal and consume the amount of expected profits. In brief, the gist of the facts disclosed is that under an agreement to turn over to the plaintiff's assignor his share, as received, of the moneys representing the profits, the defendant denied that such moneys ever existed or came into his possession, and by various acts and statements sought to, and did, conceal their realization and whereabouts. I am not concerned on this motion whether the agreement by the plaintiff's assignor was in violation of his trust relation with the vendee, of whom he was an employé, or whether he resorted to false representations in inducing the defendant to enter into the contract. These facts may have bearing on the cause of action, but are not to be weighed on this motion. The recitals in support of the ground of attachment are insufficiently challenged, and are adequate to hold the attachment. Ziegler v. Ziegler, 68 Hun, 177, 22 N. Y. Supp. 812. The averments in behalf of the plaintiff establish a prima facie case of wrongful conversion of personal property, and indicate a persistent effort to conceal that property, after refusal to accede to a proper demand by plaintiff's assignor for his stipulated share under the agreement. Motion to vacate the attachment denied, with $10 costs.

Motion denied, with $10 costs.