(32 Misc. Rep. 456.)

## THORN v. ALVORD.

(Supreme Court, Special Term, New York County.　September, 1900.)

1. **BILLS AND NOTES—SUFFICIENCY OF COMPLAINT.**
   A complaint in an action on a note set out a copy of the note, and stated that it was indorsed for value to H., and by him to G., who indorsed it to plaintiff, and that the latter was the lawful owner and holder thereof, and that the amount of the note, which was specified, was owing, over all known counterclaims, and that a demand for payment had been made. *Held* to state a cause of action.

2. **ATTACHMENT—VACATION—SUFFICIENCY OF AFFIDAVITS.**
   An affidavit filed with the complaint in attachment set out the deponent's reasons for believing the defendant a nonresident, which included much documentary evidence, and stated that defendant's attorney had said that the defendant was a nonresident, and that deponent had attempted to locate defendant in the state, but was unable to do so, and stated, on information and belief, that defendant was a nonresident. The sheriff certified that he had made diligent search for the defendant in the county, and could not find him, and had learned that he was in Colorado. *Held* a sufficient showing of nonresidence to sustain an attachment, against a motion to vacate.

3. **SAME.**
   Where a motion is made to vacate an attachment, the court will not inquire into the merits of the action, but the attachment will be sustained if the plaintiff has made out a prima facie case.

4. **SAME—USURY—CONFLICT OF LAWS.**
   Where a complaint shows that a note sued on bears a rate of interest which is usurious in New York, but that such note was made in California, and that the rate was legal in that state, an attachment will not be vacated by reason thereof, since the validity of such rate of interest is to be determined by the law of California.

5. **SAME—DAMAGES.**
   Where a complaint in an attachment proceeding alleges a larger damage than the plaintiff is entitled to, the attachment will be vacated.

6. **SAME—WARRANT OF ATTACHMENT.**
   A note, as set out in an attachment proceeding, was to be paid in a year, with interest at 8 per cent. till paid, "payable ——, and, if not so paid, to be compounded." The warrant of attachment called for the amount of the note, with interest compounded from the maturity thereof. *Held* not sufficient to warrant a dissolution of the attachment, as calling for a larger sum than that due the plaintiff.

7. **SAME.**
   Where the plaintiff in an attachment proceeding based on a note files affidavits of former owners of the note that the amount was owing them while they owned the note, over and above all counterclaims known to them, the attachment will not be dissolved by reason of irregularities in such affidavits, since they are not required by the statute.

Attachment by Theodore M. Thorn against Alwyn A. Alvord. Motion by defendant to dissolve. Denied.

Lee & Lee (James G. K. Lee, of counsel), for the motion.

Corbitt, Kelly & Hœninghaus (J. Allison Kelly, of counsel), opposed.

GILDERSLEEVE, J.    This is a motion to vacate an attachment.
The motion is made on the original papers upon which the attach-
ment was obtained, and is based upon the following grounds, viz.:
(1) That the affidavits were insufficient; (2) that an improper meas-
ure of damages has been adopted; and (3) that two of the affidavits
are irregular.    The cause of action is founded upon a promissory
note, and the warrant of attachment was obtained on the ground
that defendant is a nonresident.    The attachment papers consist of
the summons and complaint, an affidavit of plaintiff, an affidavit of
one Kelly, an affidavit of one Green, an affidavit of one Henry, and
the certificate of the sheriff of the county of New York, together
with the undertaking required by law.    The complaint sets forth
that on or about the 16th day of September, 1896, at Santa Monica,
Cal., the defendant made a promissory note, payable to one J. U.
Henry, and delivered the same, for value, before maturity, to said
Henry.    The note is worded as follows, viz.:

"$5,000.                                    September 16, 1896.
"One year after date, for value received, I promise to pay J. U. Henry, or
order, the sum of $5,000, with interest at the rate of eight per cent. per annum
from date until paid; interest payable ——, and, if not so paid, to be com-
pounded, and bear the same rate of interest as the principal; and, should the
interest not be paid, then the whole sum of principal and interest shall become
immediately due and payable, at the option of the holder of this note.    Prin-
cipal and interest payable in gold coin of the United States."

It does not appear from the complaint or affidavits whether plain-
tiff became the owner before or after the maturity of the note.    The
complaint merely states that before maturity Henry indorsed and
delivered the note, for value, to one Frank Green, and that, before
the commencement of the action, Green—

"Being then the lawful owner and holder of said note, in due course, as plain-
tiff is informed and believes, indorsed and delivered said note to plaintiff."

And the complaint alleges that—

"Plaintiff is the lawful owner and holder of said note, and, although demand
has been duly made, no part of the said sum of $5,000, or of the interest there-
on, mentioned in said note, has been paid, and that there is now due and owing
from the defendant to the plaintiff, on account of said note, the sum of $5,000,
with interest thereon, compounded, at the rate of eight per cent. per annum
from the 16th day of September, 1896, which said interest is lawful interest
under the laws of the state of California."

The affidavit of plaintiff, after setting forth the facts upon which
the action is based, states that:

"Deponent is justly entitled from said defendant, on account of said note,
to the sum of $5,000, with interest, compounded, at the rate of eight per cent.
per annum from the 16th day of September, 1896, over and above all counter-
claims or offsets known to deponent, and over and above all counterclaims or
offsets known to Frank Green or J. U. Henry, the former owners and holders
of said note, as appears by their affidavits, hereto annexed, marked A and B."

Plaintiff then goes on to state, on information and belief, derived
from Kelly and the sheriff, that defendant is a nonresident.    An-
nexed to the plaintiff's affidavit are the affidavits of said Green and
said Henry, the former owners and holders of the said note.    Green
swears that Henry—

"For a valuable consideration, indorsed and delivered said note before maturity to me; and I, in turn, for a valuable consideration, indorsed and delivered said note to the plaintiff above named. While I was the owner and holder of said note, and up to the time when I indorsed and delivered the same to said plaintiff as aforesaid, I was justly entitled to recover therefor from the defendant the sum of $5,000, with eight per cent. interest thereon from the 16th day of September, 1896, over and above all counterclaims or set-offs known to me."

Henry, on his part, testifies that:

"On or about the 16th of September, 1896, Alwyn A. Alvord, the defendant in the above-entitled action, for value received, made and delivered to me his negotiable promissory note, in writing, for $5,000. I, in turn, for a valuable consideration, indorsed and delivered said note to Frank Green, who, as I am informed and believe, indorsed and delivered the same, for a valuable consideration, to the plaintiff above named. While I was the owner and holder of said note, and up to the time when I indorsed and delivered the same to said Frank Green, I was justly entitled to recover therefor from the said defendant the sum of $5,000, with eight per cent. interest thereon from the 16th day of September, 1896, over and above all counterclaims and set-offs known to me."

The affidavit of Kelly sets forth at length his reasons for stating the defendant to be a nonresident, giving much documentary proof, derived from the register's office and surrogate's court, and he also swears that defendant's attorney informed him that defendant was not a resident of the state of New York; and said Kelly further details his efforts to locate defendant within the state, and shows his inability to do so. Finally the sheriff of this county certifies that he has made diligent search to find defendant in this county, and has learned that said defendant is now in Colorado.

Defendant's counsel urges that the above papers are insufficient. I cannot agree with this contention. The plaintiff appears to be in possession of this unpaid note, as owner and holder thereof, and it seems to me that his allegations of the facts constituting his cause of action are sufficient in form and substance, while the affidavit of Kelly and the certificate of the sheriff make out a prima facie case of the nonresidence of the defendant. On a motion to vacate a warrant of attachment, the merits of the action will not be determined. It is sufficient if the plaintiff has made out a prima facie case, and the defendant's defenses thereto will not be gone into on the motion. See Furbush v. Nye, 17 App. Div. 326, 45 N. Y. Supp. 214; Investment Co. v. Moore, 35 App. Div. 421, 54 N. Y. Supp. 787. As we have seen, plaintiff states that the note was made in California. The rule laid down in the case of Ladenburg v. Bank, 5 App. Div. 219, 39 N. Y. Supp. 119, is that:

"Statements in affidavits will be presumed to have been made upon personal knowledge, unless stated to have been made on information and belief, and unless it appears affirmatively, or by fair inference, that they could not have been, and were not, on such knowledge."

There is nothing in the papers here presented to warrant the court in finding that plaintiff could not and did not know that the note was made in California. The note, therefore, having been made in California, is presumably to be governed by the laws of California, as there is nothing to indicate that the parties have oth-

erwise contracted. If, therefore, it is not usurious in that state, it is not usurious anywhere. See 27 Am. & Eng. Enc. Law, 971; Sheldon v. Haxton, 24 Hun, 196, affirmed in 91 N. Y. 124; Dickinson v. Edwards, 77 N. Y. 576; Bank v. Lacombe, 84 N. Y. 368; Graham v. Bank, Id. 401; Bank v. Low, 81 N. Y. 570; Jewell v. Wright, 30 N. Y. 259; Cutler v. Wright, 22 N. Y. 472; Curtis v. Leavitt, 15 N. Y. 227. In Story, Confl. Laws (5th Ed.) § 292, we find the following, viz.:

"The question, whether a contract is usurious or not depends, not upon the rate of interest allowed, but upon the validity of that interest in the country where the contract is made and is to be executed."

The complaint states that the rate of interest stipulated is valid under the laws of California, and plaintiff's counsel refers to Civ. Code Cal. 1889, §§ 1918, 1919, 3289, and to Civ. Code Cal. 1876. §§ 1918, 1919, in support of this claim. As we have seen, the plaintiff has complied with the statutory requirement with respect to the statement that the amount is due and owing from defendant to plaintiff, over and above all counterclaims known to plaintiff, and I am of opinion that the first point urged by the defendant as ground for vacating the attachment cannot be sustained.

The second ground upon which this motion is based is the claim that an improper measure of damages has been adopted, and that plaintiff has claimed too much. If this be true, the attachment cannot be sustained. See Golden Gate Co. v. Jackson, 14 Abb. N. C. 323; Smith v. Swenson, 26 Misc. Rep. 151, 56 N. Y. Supp. 783. However, I am inclined again to disagree with the defendant's contention. The note provides, it will be remembered, for the payment in one year from September 16, 1896, of $5,000, "with interest at the rate of eight per cent. per annum from date [September 16, 1896] until paid; interest payable ———, and, if not so paid, to be compounded, and bear the same rate of interest as the principal; and, should the interest not be paid, then the whole sum of principal and interest shall become immediately due and payable," etc. It would, therefore, seem, from an examination of the wording of the note, that it was originally contemplated by the parties to have the interest made payable at a certain date or dates within the year; but this date or dates when the interest was to be payable, and if not so paid, to be compounded, appears to have been left a blank. The note, however, states that the interest shall be 8 per cent. per annum from September 16, 1896. It, therefore, would appear that the interest became payable one year from September 16, 1896, as no other date is fixed when, if not paid, it was to be compounded and bear the same rate of interest as the principal; i. e. 8 per cent. per annum. Compound interest is interest not only on the principal, but also on the unpaid interest from the time it fell due. The warrant of attachment calls for exactly what the note states, viz. $5,000, with interest, compounded, at the rate of 8 per cent. from the 16th day of September, 1896. It does not state the date from which the interest is to be compounded, because the note itself does not state it. The warrant recites the terms of the note, and directs the sheriff to levy to the extent of $5,000, with interest as stated.

The presumption is that simple interest is due up to the time of the maturity of the note, and from such maturity the interest is to be compounded. The warrant does not direct compound interest from September 16, 1896, but interest, compounded, at the rate of 8 per cent. per annum from September 16, 1896, while the recitals in the warrant show the terms of the note, as we have said. The defendant's second point must be overruled.

As a third objection to the sufficiency of the papers upon which the attachment was obtained, defendant's counsel points out in his brief certain irregularities in the affidavits or statements of Henry and Green. The defendant, however, neglected to specify these irregularities in his notice of motion, as he should have done. Moreover, it will be remembered that both Henry and Green were owners and holders of the note before maturity, and their affidavits were offered merely for the purpose of showing that, while they were respectively such owners and holders, the amount stated was due and owing to them over and above all counterclaims or offsets known to them. This evidence was unnecessary. The statute requires that the affidavit should show that the plaintiff is entitled to recover the sum stated therein, over and above all counterclaims known to the plaintiff. With this requirement the plaintiff has complied. He is not required to swear as to counterclaims existing against his assignors, and that part of his affidavit in which he attempts to show that no counterclaims existed against Henry and Green is in excess of the statute. See Crowns v. Vail, 51 Hun, 204, 4 N. Y. Supp. 324. The defendant's third point must also be overruled.

It is very true, as urged by defendant's counsel, that the remedy of attachment, owing to its statutory origin and harsh nature, comes within the general rule applicable to statutes in derogation of the common law, which statute must be strictly construed in favor of those against whom it may be employed. See Penoyar v. Kelsey, 150 N. Y. 80, 44 N. E. 788, 34 L. R. A. 248. Nevertheless an attachment will not be vacated where the papers upon which it was granted are sufficient, and the evidence in support of it is fairly preponderating. See Rosenzweig v. Wood, 30 Misc. Rep. 299, 63 N. Y. Supp. 447, and cases there cited. The motion to vacate the attachment must be denied, with $10 costs to abide the event.

Motion denied, with $10 costs to abide event.