(38 Misc. Rep. 114.)

## COHEN v. WALKER.

(Supreme Court, Appellate Term.   May, 1902.)

1. SERVANT—WRONGFUL DISCHARGE—DAMAGES.
   Where a servant is hired by the year, and wrongfully discharged at the end of six months, the measure of damages is prima facie the balance of the year's salary.

2. ATTACHMENT—NONRESIDENT DEFENDANT.
   Where a servant is wrongfully discharged, he is entitled to an attachment against the property of his nonresident employer.

Appeal from city court of New York, general term.

Action by Isaac Cohen against Tullis C. Walker.   From an order affirming an order denying a motion to vacate an attachment, defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and TRUAX and GILDER-SLEEVE, JJ.

Louis D. Doyle, for appellant.

Max D. Steuer, for respondent.

FREEDMAN, P. J.   The action is upon an assigned claim of damages for breach by the defendant of a written contract of employment of one Gibson as a traveling salesman.   Gibson was employed for one year at a salary of $1,800, and discharged, as alleged, without cause, at the end of six months.   The action for the recovery of the remaining $900 as damages was commenced one month after his discharge, and upon the summons and complaint and certain affidavits showing, among other things, the facts already referred to, and the fact that the defendant is not a resident of this state, but a resident of New Orleans, La., the plaintiff procured a warrant of attachment against defendant's property.   The defendant appeared specially for the purposes of the motion only, and moved for the vacation of the warrant of attachment.   The motion was made on the papers on which the warrant had been granted. It was denied, and the order denying the same was affirmed by the general term of the city court, whereupon the defendant appealed to this court.

The principal contention of the defendant is that the papers on which the attachment was granted were insufficient for the reasons that the plaintiff sued for the whole balance of the year's salary, though five months of the year for which Gibson was hired were still unexpired when the plaintiff brought suit; that it was the duty of Gibson to make all reasonable efforts, by seeking and accepting employment elsewhere, to reduce his loss by the discharge; that, if he obtained employment, the plaintiff, as his assignee, would be entitled to only a partial recovery, and to nominal damages only, if Gibson's earnings equaled the agreed salary; and that, in view of these contingencies and possibilities, the damages claimed were of a speculative character.   It is well settled, as held in Bassett v. French, 10 Misc. Rep. 672, 31 N. Y. Supp. 667, that in an action for the wrongful discharge of a servant, when the trial takes place

before the expiration of the stipulated term of employment, the plaintiff can recover damages only to the time of the trial. But it has also been held that when, in a case brought before the expiration of the term of service, the trial takes place after the expiration thereof, the plaintiff is entitled to recover the same damages which he would have been entitled to had the action been commenced after the expiration of the term. Everson v. Powers, 89 N. Y. 527, 42 Am. Rep. 319. Moreover, in Van Camp v. Searle, 147 N. Y. 150, 41 N. E. 427, Chief Judge Andrews, in delivering the opinion of the court of appeals, uses the following language (at page 161, 147 N. Y., and page 430, 41 N. E.), viz.:

"But whether a plaintiff, having the right, has brought his action in the proper form, or pursued the appropriate remedy, is a question to be determined on the trial of the action upon an issue of law or fact in case a defense is interposed. The jurisdiction to grant an attachment does not, we think, involve a preliminary determination by the officer to whom application for the writ is made whether in law the case presented by the complaint will entitle the plaintiff to the relief he asks. It is sufficient to authorize him to grant the writ that it appears that the action is brought for one of the causes where attachment may issue, and the other facts are shown which authorize the process to be issued."

And in Farquhar v. Milk Co., 30 Misc. Rep. 270, 62 N. Y. Supp. 305, it was held that future profits, so far as they can properly be proved, may form a proper measure of damages, and a sufficient foundation for sustaining an attachment.

Under these authorities the contention of the defendant, in the face of the facts disclosed by the papers, is untenable. The plaintiff showed the positive agreement on the part of the defendant to pay the amount claimed, and his failure to pay it notwithstanding his declaration that the contract was terminated and at an end. Such amount constitutes prima facie the measure of damages in case of the expiration of the term of service before the day of trial. As matter of fact, the term of service has expired. But, independently of that, where an attachment has been granted for a sum larger than that which is warranted by the proofs contained in the affidavit, the proper remedy is to reduce the amount of the attachment, and not to vacate it. Roth v. Manufacturing Co., 35 Misc. Rep. 509, 71 N. Y. Supp. 1080. Moreover, the defendant was shown to be a nonresident. Upon the whole case sufficient facts were set forth to confer jurisdiction to issue the attachment. The order appealed from should be affirmed, with costs.

Order affirmed, with costs. All concur.