THE AMERICAN AUDIT COMPANY, Respondent, *v.* THE INDUSTRIAL FEDERATION OF AMERICA, Appellant.

*Attachment — what affidavit in support thereof is insufficient.*

An affidavit used on a motion to obtain a warrant of attachment against the property of a foreign corporation alleged:

"I. That the plaintiff above named is entitled to recover from the defendant above named the sum of nine hundred and six and 87/100 dollars, with interest from the second day of July, 1902, over and above all counterclaims known to the plaintiff upon one of the causes of action mentioned in Section 635 of the Code of Civil Procedure, and particularly set forth in subdivision II of this affidavit.

"II. That plaintiff has frequently demanded said sum of defendant, but defendant has not paid same. Plaintiff is a resident of the State of New York, and said plaintiff's services which defendant contracted to pay above sum for were performed within the State of New York."

*Held*, that the affidavit was fatally defective in that it did not establish the four essentials of an action on contract, viz., the nature of the contract, performance by the plaintiff, breach by the defendant and the resulting damages.

APPEAL by the defendant, The Industrial Federation of America, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of January, 1903, denying the defendant's motion to vacate an attachment theretofore granted in the above-entitled action.

*L. M. Berkeley*, for the appellant.

*W. H. Black*, for the respondent.

O'BRIEN, J.:

The defendant moved to vacate the attachment on the papers upon which it was granted, consisting of a summons and an affidavit, the contention being that the summons was void and that the plaintiff did not state a cause of action against the defendant. In view of the conclusion at which we have arrived upon the more substantial question as to whether a cause of action was stated, it is unnecessary to discuss the question as to the validity of the sum-

mons and as to whether this point was abandoned by the defendant at Special Term.

The affidavit used to obtain the warrant of attachment is as follows : Theodore Cocheu, Jr., being duly sworn, says :

"I. That the plaintiff above named is entitled to recover from the defendant above named the sum of nine hundred and six and 87/100 dollars, with interest from the second day of July, 1902, over and above all counterclaims known to the plaintiff upon one of the causes of action mentioned in Section 635 of the Code of Civil Procedure, and particularly set forth in subdivision II of this affidavit.

"II. That plaintiff has frequently demanded said sum of defendant, but defendant has not paid same. Plaintiff is a resident of the State of New York, and said plaintiff's services which defendant contracted to pay above sum for were performed within the State of New York.

"III. That the defendant is a foreign corporation, being incorporated under the laws of the State of New Jersey, and that its principal office is without the State of New York."

It has been frequently held that to entitle a plaintiff to a warrant of attachment he must show by affidavit sufficient facts to make out a cause of action and that conclusions will not suffice. Here the plaintiff sues upon contract, and the question for our determination is, does the plaintiff show facts establishing a cause of action on contract. The statement that "the plaintiff above named is entitled to recover from the defendant above named the sum of nine hundred and six and 87/100 dollars" is a mere conclusion and is not a statement of facts tending to show that any contract was ever made between the parties.

It is true we find the statement that "said plaintiff's services which defendant contracted to pay above sum for were performed." Here again, however, we have a conclusion without any averment of the terms of the contract. It cannot be determined from the affidavit whether the contract alleged was express or implied, oral or written ; nor can we tell therefrom the nature of the alleged services, or when, where and to whom they were rendered or when they were to be paid for. Equally silent is the affidavit as to whether

it was a contract in which the amount was fixed or whether the claim was upon *quantum meruit.*

It is, however, unnecessary to pursue the discussion, for it is apparent from reading the affidavit that the four essential things required to establish a cause of action on contract are wanting, namely, the nature of the contract, performance by plaintiff, breach by defendant and the damages. The affidavit being, therefore, insufficient in failing to state facts from which the court could see that the plaintiff had a cause of action on contract against the defendant, the motion to vacate the attachment should have been granted.

The order accordingly is reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

VAN BRUNT, P. J., INGRAHAM, McLAUGHLIN and HATCH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.