(57 Misc. Rep. 341.)

### ATKINS v. FITZPATRICK.

(Supreme Court, Special Term, New York County. January, 1908.)

1. ATTACHMENT—MOTION TO VACATE.

Where a motion is made to vacate an attachment, the sufficiency of the complaint will not be as strictly reviewed as when challenged by demurrer.

2. SAME—SUFFICIENCY OF AFFIDAVIT.

Where, in attachment, defendant's affidavits do not deny his liability, and plaintiff's affidavits set forth the nature of the contract, performance, breach by defendant, and damages, the attachment will not be vacated for insufficiency of the affidavits.

3. COURTS—JURISDICTION—ACTION BETWEEN NONRESIDENTS.

The courts will exercise jurisdiction in an action by one nonresident against another nonresident where defendant has been personally served

with summons in the state, where the contract sued on is made in the
state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 40.]

Action by Joseph S. Atkins against Timothy E. Fitzpatrick. Application to vacate warrant of attachment. Motion denied.

Thomas Costigan, for plaintiff.
John Oscar Bull, for defendant.

FITZGERALD, J. This is an application, made upon the affidavits of the defendant and his attorney, and upon the papers on which a warrant or attachment was issued, to vacate the warrant of attachment and all proceedings thereunder. The grounds of the motion, as stated in the affidavits, are that in the papers in which the warrant was issued the plaintiff has failed to state facts sufficient to constitute a cause of action against the defendant; that, even assuming that a cause of action has been sufficiently alleged, it is not one in which a warrant of attachment can issue; and that the plaintiff is himself a nonresident, and cannot invoke the jurisdiction of this court. The warrant was issued upon the affidavit of the plaintiff, alleging substantially the indebtedness of the defendant to him for unpaid commissions earned for procuring work for the defendant in accordance with a contract between them, that an action is about to be commenced by the issuance of summons, and that the defendant is a nonresident. While it is true that the plaintiff has failed to state his cause of action with that fullness and precision and that directness of statement of fact which would have resolved all doubt, yet, on the other hand, his papers are not so "hopelessly bad," to use the judicial language of the cases of Guarantee Savings Loan & I. Co. v. Moore, 35 App. Div. 421, 54 N. Y. Supp. 787, and Goodyear v. Commercial Fire Insurance Co., 58 App. Div. 611, 68 N. Y. Supp. 756, as to require that the attachment be vacated, especially when it is considered that on motions of this character the court will not consider the merits of the action (Furbush v. Nye, 17 App. Div. 326, 45 N. Y. Supp. 214; Romeo v. Garofalo, 25 App. Div. 191, 49 N. Y. Supp. 114; Guarantee Savings Loan & I. Co. v. Moore, supra; Thorn v. Alvord, 32 Misc. Rep. 456, 66 N. Y. Supp. 587), and will not discuss and treat the sufficiency of the complaint with the same elaboration as when the question of its sufficiency is presented on demurrer (Goldmark v. Magnolia Metal Co., 28 App. Div. 271, 51 N. Y. Supp. 68; Jones v. Hygienic Soap Granulator Co., 110 App. Div. 334, 97 N. Y. Supp. 104). With respect to the nature of the cause of action, it is true that the plaintiff's moving affidavit states that his action is one "brought to recover money due under a contract," but an examination of the allegations of that affidavit discloses that, notwithstanding his characterization, the action is really one to recover damages for the defendant's breach of contract, and therefore one in which an attachment can issue, and he has so expressly alleged in the additional affidavit which he has submitted in opposition to this motion, pursuant to the authority of section 683 of the Code. Sulzbacher v. Cawthra Co., 14 Misc. Rep. 545, 36 N. Y. Supp.

S. Concerning the existence of a cause of action and of the allegation of the facts thereof, it is significant that the defendant does not deny legal liability for an indebtedness to the plaintiff arising out of the matters set forth by the plaintiff, but merely denies an indebtedness to the plaintiff of the sum stated by the latter, permitting the inference that there is an indebtedness of some amount and justifying the conclusion that the defendant's true remedy is to reduce and not to vacate the attachment. Cohen v. Walker, 38 Misc. Rep. 114, 77 N. Y. Supp. 105; Roth v. American Piano Mfg. Co., 35 Misc. Rep. 509, 71 N. Y. Supp. 1080. In American Audit Co. v. Industrial Federation of America, 80 App. Div. 544, N. Y. Supp. 788, it was held (page 546 of 80 App. Div., page 789 of 80 N. Y. Supp.) that an affidavit to obtain a warrant of attachment must establish the four essentials of an action on contract, viz., the nature of the contract, performance by the plaintiff, breach by the defendant, and the resulting damages. Here the plaintiff sets forth not what he improperly terms a contract, but an express written offer of the defendant to pay him at specified times specified commissions on the amount of contracts secured by him for the defendant, graded according to the amounts of said contracts. While it is true that, standing alone, that is an offer and not a contract, and while the plaintiff does not clearly allege that he obtained contracts pursuant to that offer, yet he does state that he procured contracts for the defendant "under" (quoting from his opposing affidavit) "terms of the contract set forth in the original affidavit as entered into between the plaintiff and the defendant," and the acceptance necessary to turn the defendant's offer into a contract may be implied from plaintiff's performance. The breach of the defendant's contract is sufficiently alleged by the plaintiff's statements, among others, showing that the specified times provided in the defendant's offer for the payment of the respective commissions have arrived; that payment thereof has been demanded; that payment has not been made; and that the same are now due and owing.

With respect to plaintiff's damages, there is some confusion caused by the designation of a contract in one affidavit as the "Morgan House" and in another as the "Malting House" by the statement in one affidavit that the commissions are due and another that they are not due on the "Overbrook House" contract, and by the allegation in the original affidavit that all of the commissions on the contract price of the work on public school No. 51 are not yet due; but, in his additional affidavit, the plaintiff corrected his statement concerning the commissions on the "Overbrook House" contract, it shows that, even after the defendant is credited with the amount of the unpaid commissions on that contract, there is still a balance due him of an amount within a few dollars of the amount of the warrant, and the value of public school No. 51 contract and the amount of the commissions thereon are too small to materially affect, though they might somewhat lessen, the indebtedness of the defendant to the plaintiff. In his original affidavit, supplemented by that submitted in opposition to this motion, the plaintiff shows the contract price of the respective contracts secured by him for the defendant, states the percentage, and

computes the amounts of respective commissions earned, recites and credits the defendant with the amounts of the commissions paid, and computes the balance due, payment of which has been demanded, but has not been made. That would seem sufficient, though he might have stated it more clearly and fully. In those respects the case is not unlike that of Kiefer v. Webster, 6 Hun, 526, in which the attachment was upheld.

Answering the contention of the defendant that the court has not jurisdiction because both plaintiff and defendant are nonresidents, it appears that the action is on a contract made between the plaintiff and the defendant in the state of New York, and that the summons in the action has been served upon the defendant. It has been held that the rule that the courts of the state will not take jurisdiction of actions between parties residents of and located in another state does not apply, and has never been applied, to actions on contracts; that courts of this state will take jurisdiction of actions for breach of contract although the parties may reside in another state, especially where the contract is made in this state (Smith v. Crocker, 14 App. Div. 245, 43 N. Y. Supp. 427; Furbush v. Nye, 17 App. Div. 326, 45 N. Y. Supp. 214), and in Bridges v. Wade, 110 App. Div. 107, 97 N. Y. Supp. 156, citing Wertheim v. Clergue, 53 App. Div. 122, 65 N. Y. Supp. 750, the court used the following language:

"To state it differently, the matter now presented is whether the plaintiffs, nonresidents, are entitled to an attachment in an action on contract against another nonresident in the courts of this state. The suggestion of the counsel for the appellant, that our courts will not exercise jurisdiction in a case brought by one nonresident against another nonresident, even where the defendant has been personally served with the summons within this state, does not apply to actions on contract."

For these reasons, the motion to vacate the attachment and the proceedings thereunder must be denied, with costs.

Settle order on notice.