## RICHARD NATHAN CORPORATION v. MITSUBISHI SHOJI KAISHA, LIMITED, et al.

District Court, S. D. New York.
July 10, 1941.

Emil H. Wasserberger, of New York City, for plaintiff.

Hunt, Hill & Betts, of New York City (William Logan, Jr., of New York City, of counsel), for defendant Mitsubishi Shoji Kaisha, Ltd.

Putney, Twombly & Hall, of New York City (Lemuel Skidmore, of New York City, of counsel), for defendant Mitsui & Co., Ltd.

HULBERT, District Judge.

The defendants have filed companion motions to vacate attachments allowed herein, or in the alternative, to reduce the amounts attached, and also to increase the amount of the plaintiff's security. Both defendants pray further in the alternative that the attachments be vacated upon the filing of a joint and several bond.

Defendant Mitsui has also moved for leave to file an amended answer herein.

The first and second causes of action are directed against defendant Mitsubishi. The first sets forth a claim for breach of contract; the second, in the alternative, is based upon the fair and reasonable value of certain services and for unjust enrichment. The third and fourth causes of action, identical respectively with the first two, are directed at the defendant Mitsui.

The attack on the attachments is grounded upon asserted defects in the affidavits upon which the writs were issued.

The first objection is that the affidavits (which are practically identical in each instance) do not set forth in evidentiary form the alleged agreement, and is without merit. If intended to challenge the affidavits because of failure to state therein that they are made upon personal knowledge, the objection is untenable. It does not appear that they were not so made, and the presumption exists that they were on knowledge. The argument is effectively answered in James v. Richardson, 39 Hun 399, Appeal dismissed 102 N.Y. 731, and Ladenburg v. Commercial Bank, 5 App. Div. 219, 39 N.Y.S. 119. If, on the other hand, the argument is addressed to the sufficiency of the factual recital concerning the alleged agreement, I think it is equally unavailing. The affidavits set out in detail the nature and terms of the contract involved, recite the fashion in which the defendants allegedly breached them, include a reference to the reliance placed upon defendants' promise, and the plaintiff's performance. I do not know what more could be shown under the circumstances without becoming prolix.

The affidavits are further challenged because they do not reveal a prima facie case. It is my conclusion that they do, and for the reasons stated above. The defendants' contention is that the affidavits do not state the actual agreements involved, and reference is made to the examination of one of the affiants to show that in fact the contracts were oral. It is then argued that plaintiff must fail because its action is barred by the statute of frauds.

The objection cannot be sustained. It is manifest that it is not directed to the sufficiency of the affidavit, but rather is by way of interposition of an affirmative defense. The court will look to the case made by the plaintiff and will not consider the defendants' defenses. Thorn v. Alvord, 32 Misc. 456, 66 N.Y.S. 587; Peck v. Brooks, 31 Misc. 48, 64 N.Y.S. 546.

This is not a motion for judgment, and the merits of the case will not be considered. Romeo v. Garofalo, 25 App.Div. 191, 49 N.Y.S. 114; Goldmark v. Magnolia Metal Co., 28 App.Div. 264, 51 N.Y.S. 68.

Under the New York law and the Federal Rules, Federal Rules of Civil Procedure, rule 8(c), 28 U.S.C.A. following section 723c, the statute of frauds is an affirmative defense, and the plaintiff need not, on a motion such as this, rebut it in the first instance. Essex County Nat'l Bank v. Johnson, 61 Hun 625, 16 N.Y.Supp. 71.

I think also, that the objection made by defendants that no proof of damages has been shown, is without foundation. The affidavits state facts sufficient to demonstrate the claim of damage.

The defendants cite Wulfsohn v. Russian Republic, 234 N.Y. 372, 138 N.E. 24, in support of the motion to vacate, but I do not find authority therein for their contention. In that case it was manifest, from the complaint and affidavits supporting the writ, that the plaintiff had no cause of action.

The reference by defendants to the failure of the affidavits to show sufficient facts to support the claims in quantum meruit need not be discussed, because the actions on contract are sufficient to support the attachment. Civil Practice Act N.Y. § 902.

Inasmuch as the motions to vacate cannot be sustained on the merits, no disposition is necessary with respect to the procedural defects therein charged by plaintiff.

In its moving papers, defendant Mitsui sought to have the attachment vacated upon the filing by defendants of a joint and several bond. In this it is joined by Mitsubishi, by a reference to same in the latter's brief. The returns filed by the Marshal to the writs herein indicate that $65,000 belonging to these defendants has been tied up to satisfy plaintiff's claim for $25,000. I think it is in order to accept a bond and will vacate the attachments upon the filing of same. The bond shall conform to the requirements of Civil Practice Act, § 953 in an amount to be fixed in the order if the parties do not stipulate as to the sum.

Defendants also ask for an order increasing the amount of plaintiff's bond given for security for costs. The only basis for the relief sought is the damage which might be sustained by reason of the attachments. Inasmuch as they are to be vacated, the argument is no longer persuasive. No other reasons appearing, the plaintiff's bond of $250, already filed, appears to be sufficient.

The motion of defendant Mitsui to amend its answer will be granted. Downey v. Palmer, D.C., 27 F.Supp. 993. Submit orders in accordance herewith.